**STATE of Maine**

v.

**Bert SMITH, III.**

Supreme Judicial Court of Maine.

June 12, 1973.

**6**

Donald A. Spear, County Atty., Suzanne E. K. Smith, Asst. Atty. Gen., Bath, for plaintiff.

Hart & Stinson, by Ronald A. Hart, Roger R. Therriault, Bath, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEBBER, Justice.

At the October Term in 1971, a Sagadahoc County jury convicted the defendant of assault and battery, high and aggravated. Appellant seeks to raise two issues, the sufficiency of proof that the circumstances were high and aggravated, and the admissibility of certain evidence not objected to at trial.

It is apparent that appellant misinterprets our language in State v. Bey (1965) 161 Me. 23, 26, 206 A.2d 413, 416 wherein we said:

"Our statute is only declaratory of the common law, Rell, supra,[1] and the common law defines assault and battery of a high and aggravated nature 'as an unlawful act *of violent injury* to the person of another, accompanied *by circumstances of aggravation*, such as the use of a deadly weapon, the infliction *of serious bodily injury*, the intent to commit a felony, great disparity between the ages and physical conditions of the parties, a difference in the sexes, indecent liberties or familiarities with a female, the purposeful infliction of shame and disgrace, resistance of lawful authority, or other aggravating circumstances.' 6 Am.Jur.2d, Assault and Battery, § 50." (Emphasis ours)

We have purposefully emphasized certain phrases for in these portions of the quoted text can be found the source of appellant's misconception. Appellant has seized upon the phrase "violent injury" which he equates with serious bodily harm. He then argues that since the victim in this case was fortunate enough not to suffer serious bodily injury, there is absent requisite proof of *high and aggravated* assault and battery. This argument completely overlooks the fact that the initial words, "an unlawful act of violent injury to the person of another," merely describe simple assault and battery. The words which describe how the assault and battery may become high and aggravated follow, introduced by the phrase, "accompanied by circumstances of aggravation."

 We look first to the statute, 17 M.R.S.A., Sec. 201 which defines Assault and Battery in these terms:

"Whoever unlawfully attempts to strike, hit, touch *or do any violence to another however small*, in a wanton, willful, an-

1. Rell v. State (1939) 136 Me. 322, 9 A.2d 129.

gry or insulting manner, having an intention and existing ability *to do some violence* to such person, is guilty of an assault. If such attempt is carried into effect, he is guilty of an assault and battery. Any person convicted of either offense, when it is not of a high and aggravated nature, shall be punished * * *. When the offense is of a high and aggravated nature, the person convicted of either offense shall be punished * * *." (Emphasis ours)

In this context the word "violence" bears no relationship to the severity of the attack or the extent of resultant injury. The applicable law is correctly stated in the text of 6 C.J.S. Assault and Battery § 62, p. 917 as follows:

"The terms 'violence' and 'force' are synonymous when used in relation to assault, and include any application of force, even though it entails no pain or bodily harm. * * * The kind of physical force employed is immaterial. Any unlawful touching of the person of another is sufficient * * *."

Falconiero v. Maryland Cas. Co. (1960) 59 N.J.Super. 105, 157 A.2d 160, 162; People v. Flummerfelt (1957) 153 Cal.App.2d 104, 313 P.2d 912, 913. That this is the true meaning to be assigned to the use of the word "violence" in this statute is further supported by the conjunction of the phrase, "however small." Moreover, *Bey* lists "serious bodily injury" as but one of a number of circumstances which may characterize the assault and battery as high and aggravated. It should be noted that *Bey* is dealing with the totality of circumstances surrounding the act and purports to suggest some but by no means all of the circumstances which may properly impart the flavor to the unlawful act which renders it subject to the more severe punishment.

■ Our case law reveals several instances in which, *without* resultant serious bodily injury, the circumstances were deemed adequate to support a finding of "high and aggravated." State v. Rand (1960) 156 Me. 81, 161 A.2d 852 (indecent touching); State v. Thayer (1971-Me.) 281 A.2d 315 (intent to rob); State v. Weeks (1970-Me.) 270 A.2d 366 (firearm discharged at police officer).[2] The test is, then, whether the circumstances surrounding the principal fact, assault and battery, and so closely related thereto as to bear upon its "nature" are such as to warrant the greater severity of punishment permitted by the statute.

■ In the instant case it was proper for the jury to consider the evidence bearing upon the planning of the assault, the cutting of telephone wires to prevent notification to the police, the forcible breaking through a window into the dwelling house where defendant's wife and children were temporarily residing, his use of his baby as a hostage to enforce his will upon his wife and other occupants of the home, his threats to use the knife in his hand to kill his child if his commands were not obeyed, and the subsequent abandonment of the baby, aged two and a half months, at a place where it could readily have drowned or suffocated in mud and water. In the light of this evidence the jury would indeed have been remiss in its duty if it had not found this assault and battery upon a child to be of a high and aggravated nature. In so saying we again emphasize that we are considering the totality of circumstances. The determination of the severity of an assault and battery must of necessity be decided on a case by case basis. By enumerating the relevant facts which *in combination* produce the result in this case, we do not mean to suggest that all of these facts are equally probative of a high and aggravated "nature" or that any one of them, viewed in the light of other facts in another case, would necessarily produce the same result.

2. Certain separate offenses involving the use of firearms were created by P.L.1971, Ch. 539, effective Septembr 23, 1971.

Appellant contends that it was manifest error to admit evidence of the abandonment of the child. No objection was offered below and in fact much of the evidence was elicited in response to questions posed by defendant's counsel. But even over objection the evidence would have been admissible as bearing on the "nature" of the unlawful act. Here there was an unbroken chain of events culminating in the exposure of the victim of an assault to the peril of death or serious bodily harm. This is precisely the type of circumstance which is relevant to the quality of the unlawful act and the severity of punishment which it merits. Such evidence is always admissible to aid the jury in its determination as to whether or not "the offense is of a high and aggravated nature."

Appeal denied.

All Justices concurring.