**STATE of Maine**

v.

**Vance TIBBETTS.**

Supreme Judicial Court of Maine.

Nov. 17, 1977.

David W. Crook, Asst. Dist. Atty., Skowhegan, for plaintiff.

James MacMichael, Skowhegan, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.

ARCHIBALD, Justice.

Vance Tibbetts was indicted for assault and battery, high and aggravated (17 M.R.S.A. § 201). He was tried before a jury, found guilty, and has appealed.

We deny the appeal.

## FACTS

On the afternoon of September 12, 1975, one Bruce Raymond, accompanied by his wife and two children, drove to a Skowhegan store to buy groceries. After making some purchases Mr. Raymond returned to his car and prepared to leave. Simultaneously, a pickup truck driven by the appellant entered the store parking area, blocking the exit. Appellant then got out of the truck and walked over to the Raymond car where, after a confrontation with Mr. Raymond, he struck him around the right eye. One David McFarland and John Tibbetts, a brother of the defendant, then emerged from the pickup truck and joined in striking the victim with their fists and held him on the ground while the appellant kicked him in the head. Mr. Raymond finally freed himself and notified the police who apprehended the appellant and his two companions as they were driving away from the store.

The evidence elicited by the appellant sought to depict Mr. Raymond as the aggressor as well as to justify any physical contact with the victim as purely defensive.

## I

■ When the record was completed the appellant made a motion for judgment of acquittal on the ground of insufficient evidence. The motion was properly denied.

Even though the victim's testimony, as summarized herein, was contradicted by the appellant's testimony, it was the exclusive province of the jury to resolve these conflicts and to decide whom and what to believe. The testimony of the victim and the victim's wife, apparently accepted by the jury as true, was sufficient evidence to support the conviction.

## II

Before the jury retired to consider its verdict, the appellant objected to several instructions given it by the presiding Justice. These objections were properly preserved for appellate review.

### A

■ We reject the appellant's contention that the Justice erred when he instructed the jury that it should determine ".what are the facts. Beyond a reasonable doubt, what is the truth of the matter." Appellant contends that this instruction could have been interpreted by the jury to mean that it must find all of the facts beyond a reasonable doubt. Moreover, the appellant argues, this instruction might have been interpreted to mean that the appellant had the burden of proving facts favorable to him beyond a reasonable doubt.

This Court has frequently stated that the propriety of an instruction requires an analysis of the charge in its entirety rather than by looking at certain segments in isolation. *See State v. Heald*, Me., 367 A.2d 1372, 1373 (1977). Viewing the instruction in that context we are satisfied that the instruction

was not erroneous. The jury was repeatedly instructed that an accused is presumed innocent, and that the State has the burden of proving guilt beyond a reasonable doubt. At one point the Justice stated: "This burden of persuasion or burden of proof never shifts, it remains with the State throughout the proceeding."

We see no reasonable possibility that the instruction could have been misconstrued.

## B

■ The defendant asserts that it was error to instruct the jury, in essence, that mere words, however abusive or insulting, do not justify the commission of an assault and battery. Appellant argues that the question of whether insulting words alone constitute a defense to a prosecution for assault and battery was not an issue in this case and, therefore, it was error to give the instruction.

We disagree.

It is well established that instructions to a jury should state the law which is relevant and applicable to the particular facts in controversy. *State v. Benson,* 155 Me. 115, 151 A.2d 266 (1959). The record discloses testimony by John Tibbetts that Mr. Raymond directed abusive language at the appellant. It was, therefore, proper for the Justice to instruct as he did in order that the jury might view the victim's insulting words (if it be determined that he uttered them) in their proper legal perspective.

## C

■ The appellant next contends that it was error to give an instruction on aiding and abetting since the question of whether the appellant was guilty as an accessory was not in issue.

We disagree.

John Tibbetts testified that the appellant was only a bystander and was not involved in the fighting. There was also testimony by a store clerk that while the appellant was not initially involved in the affray, he later joined therein in an attempt to break it up.

This Court has held

"there is no duty on the part of a bystander to prevent the commission of a crime. However, if he fails to do so, and particularly when he is a friend or companion of the actual perpetrator, such failure may be considered, with all other circumstances of the case, in determining whether he aided or abetted the commission of the crime."

*State v. Berube,* 158 Me. 433, 435, 185 A.2d 900, 902 (1962).

In light of the clerk's testimony it was not error for the trial court to give the instruction.

## D

■ Finally, appellant contends that the trial court erred in instructing the jury:

"It [high and aggravated assault and battery] may result from the numbers of persons participating in the assault. For instance, if many sat upon one, you have the right to consider the fact if it be a fact in determining the issue of aggravation. . . ."

The jury was correctly instructed that "many factors" enter into the decision of whether an assault and battery is of a high and aggravated nature. Additionally, it was told:

"[I]f you are going to start considering this aspect of the aggravation, you have to consider all of the circumstances prevailing at the time the events took place."

This Court has held that the applicable test is

"whether the circumstances surrounding the principal fact, assault and battery, and so closely related thereto as to bear upon its 'nature' are such as to warrant the greater severity of punishment permitted by the statute."

*State v. Smith,* Me., 306 A.2d 5, 7 (1973).

It is clear from reading the total charge that the reference to the number of persons participating in the assault was only one factor of many that the jury was instructed it could consider in determining whether

the assault and battery was of a high and aggravated nature. The instruction was correct. *State v. Gagne*, Me., 349 A.2d 193, 197 (1975).

The entry is:

Appeal denied.

Judgment affirmed.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

DELAHANTY, J., sat at argument and conference but did not otherwise participate.

POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ., and DUFRESNE, A. R. J., concurring.