STATE of Maine

v.

**Alan KILTON, Gilbert Gaudet, Sr., William Reynolds and Gilbert Gaudet, Jr.**

Supreme Judicial Court of Maine.

May 31, 1978.

John Romei, Asst. Dist. Atty. (orally), Michael Povich, Dist. Atty., Machias, for plaintiff.

Silsby & Silsby by Raymond L. Williams (orally), William S. Silsby, Jr., Ellsworth, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

POMEROY, Justice.

Four appellants press these appeals challenging the validity of their convictions following a jury trial in the Washington County Superior Court.

Alan Kilton was indicted for assault and battery, high and aggravated,[1] and assault

---

1. 17 M.R.S.A. § 201, repealed P.L.1975, c. 499, § 5 provided in part:

Whoever unlawfully attempts to strike, hit, touch or do any violence to another however small, in a wanton, willful, angry or insulting manner, having an intention and existing ability to do some violence to such person, is guilty of an assault. If such attempt is carried into effect, he is guilty of an assault and battery. Any person convicted of either offense, when it is not of a high and aggravated nature, shall be punished  .  .  .. When the offense is of a high and aggravated nature, the person convicted of either offense shall be punished  .  .  ..

upon an officer.[2] He was convicted of "simple" assault on an officer. Gilbert Gaudet, Sr. was indicted for assault and battery, high and aggravated and was found guilty as charged. Gilbert Gaudet, Jr. was indicted on two counts of assault and battery, high and aggravated and for malicious mischief.[3] He was convicted as charged on one count of assault and on the malicious mischief charge. William Reynolds was indicted for assault upon an officer and was found guilty of "simple" assault on an officer.

These timely filed appeals follow entry of judgment on the verdicts.

We deny the appeals.

The circumstances leading to the arrests and convictions of these appellants are as follows. In the early morning hours of March 23, 1975, an altercation broke out at Woody's Tap Room between the appellants and three officers of the Machias Police Department. There was credible, although contradicted, evidence that the appellants initiated the fight.

The jury was entitled to believe that during the evening hours of March 22, a friend of the appellants had been arrested at Woody's for disorderly conduct. The friend was transported to the Washington County Jail and was "maced" during the trip because he had tried to escape. Shortly afterwards, some of the appellants left Woody's, where they had witnessed the arrest, in order to release their friend on a bail bond. There was testimony at the trial that after appellants arrived at the jail, one appellant, who was never specifically identified, threatened to cause some damage to Woody's. Shortly thereafter appellants left with their friend and all returned to the Tap Room.

At some point close to midnight, the Sheriff's Office received a call, purportedly from a bartender, that there was trouble at Woody's. Three police officers, two of whom had arrested appellants' friend previously, were dispatched. Upon their arrival, they discovered that the bartender had made no such call. The officers then decided to close Woody's. It was at that point that they were attacked by numerous patrons, including the four appellants, and sustained various injuries.

Appellants raise five issues on appeal.

The first two points relate to alleged errors in the charge.

The third issue concerns the admissibility of testimony relating to the arrest of appellants' friend and of the comments allegedly made at the jail.

Appellants next challenge the sufficiency of the evidence.

Finally, they contend that the conduct of the prosecuting attorney and the justice below prejudiced appellants' right to a fair trial and an impartial jury.

■ At the close of the court's instruction to the jury, the appellants orally [4] requested that the following instruction be

---

**2.** 17 M.R.S.A. § 2952, repealed P.L.1975, c. 499, § 15 provided in part:

Whoever assaults, intimidates or in any manner willfully obstructs, intimidates or hinders any sheriff, deputy sheriff, constable, inland fish and game warden, coastal warden, forest ranger, employee or authorized representative of the Board of Environmental Protection, Insurance Commissioner or his authorized representative, liquor inspector, police officer or state probation-parole officer while in the lawful discharge of his official duties, whether with or without process, shall be punished . . . . In offenses under this section, not of an aggravated nature, the District Court may punish . . . .

**3.** 17 M.R.S.A. § 2493, repealed P.L.1975, c. 499, § 14, provided in part:

Whoever shall individually or in association with one or more others willfully break, injure, tamper with or remove any part or parts of any vehicle . . . for the purpose of injuring, defacing or destroying such vehicle . . . or temporarily or permanently preventing its useful operation, or for any purpose against the will or without the consent of the owner of such vehicle . . . shall be punished . . . .

**4.** M.R.Crim.P. 30(b) requires that all requests for instructions be in writing. The purpose for such a requirement is clear and retains vitality. Because of the failure to submit written instructions, we feel compelled to treat this point on appeal as an objection to the instructions given by the court, not as an objection to the failure to give a requested instruction.

given on the charge of assault and battery, high and aggravated:

> the test of determining high and aggravated, where the circumstances surrounding the principal fact of assault and battery are so closely related thereto as to bear upon the nature of such as to warrant the greater severity of punishment permitted by the statute.

The appellants argue here, as they did below, that a reference to the severity of punishment in a charge concerning the nature of an assault and battery is mandated by *State v. Smith*, Me., 306 A.2d 5 (1973). The greater severity of punishment, they claim, is the *primary* criterion for determining whether an assault is simple or high and aggravated.

We disagree.

Assault and battery, whether "simple" or "high and aggravated", is but one crime. The punishment accorded under the statute, however, varies according to the factual circumstances surrounding the commission of the offense. *State v. Pinnette*, Me., 340 A.2d 17, 25 (1975). Thus, a determination that an assault and battery is either "simple" or "aggravated" serves merely as a comment on the "nature" of the offense as committed. Moreover, the determination of the nature of an assault must be done on a case by case basis. *E. g. State v. Smith, supra* at 7.

Appellants point to the following language in *State v. Smith, supra* at 7:

> The test is, then, whether the circumstances surrounding the principal fact, assault and battery, and so closely related thereto as to bear upon its "nature" are such as to warrant the greater severity of punishment permitted by the statute.

From this they contend that the fact-finder *must* consider whether greater severity of punishment is warranted.

As noted above, however, the focus for the fact-finder is to determine the "nature" of the assault and battery. The greater punishment that attaches to an aggravated assault merely *follows* from the factual finding on the assault's nature. Having instructed adequately on how to determine the nature of the alleged offenses here, there was no basis for objection to the trial court's refusal to instruct on the severity of punishment warranted in this case.

Appellants next challenge the court's instruction to the effect that there are two degrees of assault upon an officer, namely "simple" and "aggravated." They appear to claim both that the instruction was erroneous as a matter of law and that the presiding justice changed his instruction on this offense during the charge.

This change is alleged to have confused the jury.

■ Appellants, however, failed to object to this portion of the charge and therefore have not saved their objection under M.R. Crim.P. 30(b). *See State v. Boisvert*, Me., 236 A.2d 419, 422 (1967).

Nor does the alleged error in the charge rise to the level of prejudice to the appellants. Appellants Kilton and Reynolds were the only defendants found guilty of assault upon an officer, and are thus the only appellants who can conceivably assert prejudice on this ground. The jury refused to find that the circumstances surrounding these assaults were aggravated in nature, however. The jury's rejection of the theory that Kilton and Reynolds had committed an "aggravated" assault upon an officer demonstrates that no actual prejudice resulted to either appellant.

Appellants next contest the admissibility of testimony regarding the arrest of appellants' friend and of statements made by one unidentified appellant at the Washington County Jail. Appellants have saved this point for review by properly objecting at trial. Appellants argue that the testimony was irrelevant or, if relevant, that the prejudicial effect of the testimony outweighed its probative value.

■ A trial judge has a wide discretion in ruling on the relevance of evidence. *State v. Gagne*, Me., 362 A.2d 166, 170 (1976); *State v. Kelley*, Me., 357 A.2d 890, 895 (1976); *State v. Westphal*, Me., 349 A.2d 168, 171 (1975). Here, the testimony

to which appellants objected clearly related to appellants' antecedent intent. *See State v. Gagne, supra.* We can find no abuse of discretion in the rulings on admissibility here.

Finally we turn briefly to appellants' last two claims.

■ In regard to the sufficiency of the evidence, the record clearly demonstrates that there was sufficient evidence for the jury to believe beyond a reasonable doubt that the appellants initiated the fracas in this case and that they committed the various offenses for which they were convicted.

■ In regard to the allegedly prejudicial conduct of the trial court and the prosecutor, we note first that appellants failed to bring any complaints on this subject to the attention of the justice below. As we have said before in regard to a similar failure to notify the presiding justice:

> . . . this Court will not consider the alleged error on appeal and grant a new trial except in circumstances where the error at trial was so highly prejudicial and calculated to result in injustice that an unjust verdict would inevitably result or when it is apparent from a review of all the record that the accused has not had the impartial trial to which under the law he is entitled. *State v. Rowe,* Me., 238 A.2d 217, 225 (1968).

While sporadic altercations erupted between defense counsel and the prosecuting attorneys, prompting the trial court at one point to admonish counsel on both sides out of the hearing of the jury, our reading of the entire record does not disclose any indication that appellants received anything other than a fair and impartial trial or that an unjust verdict resulted.

The entry must be:

Appeals denied.

Judgment affirmed.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.