STATE of Maine

v.

Paul J. MacDONALD.

Supreme Judicial Court of Maine.

Dec. 26, 1979.

G. Arthur Brennan, Dist. Atty. (orally), Joseph A. Wannemacher, Asst. Dist. Atty., Alfred, Robert L. Guillory, Legal Intern, for plaintiff.

J. P. Nadeau, David S. Park (orally), Nadeau Professional Offices, Portsmouth, N. H., for defendant.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

In June, 1979, the Defendant, Paul J. MacDonald, was tried before a jury in the Superior Court in York on an indictment charging him with having committed aggravated assault in violation of 17–A M.R.S.A. § 208.[1] The Defendant appeals from a judgment of conviction entered on the verdict of the jury finding him guilty of the lesser offense of assault (17–A M.R.S.A. § 207).

The Defendant's sole issue on appeal is whether the presiding justice erred in instructing the jury on both aggravated and simple assault. He argues (1) that the evidence did not generate the instruction on aggravated assault, and (2) that the entire charge was prejudicial to him because it increased the likelihood that the jury would convict on the lesser offense.

We affirm the judgment of the Superior Court.

The jury could have found beyond a reasonable doubt the following facts:

On the morning of January 16, 1979, the Defendant and his 14-year-old son became embroiled in a heated argument. The Defendant reacted to his son's insinuations that he was a liar by striking the boy across the face. Either as a result of the blow or in an effort to avoid it, the boy ended up

1. In a single sentence the indictment seems to charge the Defendant in the alternative with violations of both subsections (A) and (C) of 17–A M.R.S.A. § 208(1). These subsections provide:

1. A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:

A. Serious bodily injury to another; or

C. Bodily injury to another under circumstances manifesting extreme indifference to the value of human life. Such circumstances include, but are not limited to, the number, location or nature of the injuries, or the manner or method inflicted.

prostrate on the floor. The Defendant's wife asked him to stop hitting the boy, but the defendant struck his son's face three or four more times.

Upon arriving at school that morning the boy reported to the nurse's office. His lips were bleeding and swollen so that he had trouble speaking; his face was swollen, particularly his right cheekbone, and he had bruises under each eye. The nurse applied ice packs to his face and contacted the principal. The principal took Polaroid pictures of the boy's face which were introduced at trial.

For our disposition of this appeal it is unnecessary for us to address the issue of whether or not, upon these facts, it was error to instruct the jury on aggravated assault. Significantly, the jury returned its verdict of guilty on the lesser charge. The jury's rejection of the theory that the Defendant had committed an aggravated assault demonstrates that no actual prejudice resulted to him. *State v. Kilton*, Me., 387 A.2d 210, 212 (1978).

It is significant also that the Defendant did not object to the instruction. Indeed, he expressly acquiesced in the presiding justice's stated intention to instruct the jury on both offenses. Thus, the scope of appellate review narrows to the "manifest error—serious injustice" rubric. *State v. Boyer*, Me., 392 A.2d 41, 42 (1978).

Considering the issue in that light, we conclude that this Defendant had a fair trial.

We take the occasion again, however, to caution prosecutors and grand juries against lightly couching indictments in language which connotes offenses far more grave than the evidence available to them actually warrants. Here the indictment alleged "circumstances manifesting extreme indifference to the value of human life." We search the record in vain for evidence of such circumstances. As we warned in *State v. Gray*, Me., 407 A.2d 19, 20 (1979), in overkill of this type there lurks a potential for serious and reversible error, even if such did not occur in the case before us.

The entry will be:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., and GLASSMAN, J., did not sit.