[No. 6220–1–III.   Division Three.   January 8, 1985.]

THE CITY OF PASCO, *Respondent,* v. ALVIN LEONARD ROSS, *Petitioner.*

*Katherine Steele Knox,* for petitioner (appointed counsel for appeal).

*Greg A. Rubstello, City Attorney,* for respondent.

THOMPSON, J.—Alvin Leonard Ross has petitioned this court for discretionary review of his conviction under Pasco Municipal Code 9.04.030 (subsequently amended) for using force against another, contending the ordinance is pre-empted by state law.

Pasco Police Officer Michael J. Monroe testified he charged Mr. Ross with using force against another in violation of Pasco Municipal Code 9.04.030, after he observed the following incident on July 21, 1983. Officer Monroe stated he saw Mr. Ross strike a woman on the cheek with his left hand, causing her to fall off a fence upon which she was seated. The officer further testified that he observed the woman rubbing her cheek and crying, apparently in pain, after the incident.

On the other hand, Mr. Ross testified that though he did strike the woman's cheek, it was not in the manner described by Officer Monroe. He claimed he was being playful with the woman with whom he had an ongoing relationship, and he merely gave her an affectionate tap, "causing her no problems at all". Mr. Ross further testified

that he had a disability in his left hand which prevented him from striking the woman in the manner described by Officer Monroe. A jury found Mr. Ross guilty of the offense.

At trial and at the time of sentencing, Mr. Ross moved for a dismissal, claiming the Pasco city ordinance was unconstitutional. On appeal to the Superior Court, the conviction was affirmed following which we granted discretionary review.

At issue is the validity of the Pasco ordinance under which Mr. Ross was convicted.

Mr. Ross contends the ordinance is preempted by the Washington Criminal Code which encompasses the crime of assault. City ordinances may be enacted to prohibit conduct constituting a crime under state law as long as the state law does not, on its face, evince an intent to be exclusive. *Republic v. Brown,* 97 Wn.2d 915, 919, 652 P.2d 955 (1982).

Because no Washington court appears to have addressed the question of whether assault is of such statewide concern that local ordinances are preempted, we turn to case law in other jurisdictions. Three jurisdictions, Colorado, Nebraska, and Louisiana, have allowed local assault statutes which do not conflict with general state statutes. *See Aurora v. Martin,* 181 Colo. 72, 507 P.2d 868 (1973); *State v. Belitz,* 203 Neb. 375, 278 N.W.2d 769, *cert. denied,* 444 U.S. 933, 62 L. Ed. 2d 191, 100 S. Ct. 278 (1979); *State v. Suire,* 319 So. 2d 347 (La. 1975). In *Aurora v. Martin, supra* at 74, the Colorado Supreme Court found "there is sufficient local concern with the subject of assault and battery so that it becomes a matter of 'mixed' state and local concern." This reasoning is consistent with article 11, section 11 of the Washington State Constitution, which provides: "Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws."

We come next to the question of whether the Pasco ordinance conflicts with the Washington Criminal Code. Pasco Municipal Code 9.04.030 provides: "It is unlawful for

any person to wilfully use force or violence against the person of another except in self–defense." Thus, a crime is committed under this ordinance when the defendant: (1) uses force or violence against another; (2) acts willfully; and (3) does not act in self–defense. Mr. Ross contends this conflicts with RCW 9A.04.050, RCW 9A.16.010, .050, and .090, which provide other defenses, such as excuse or justification to an assault charge. We agree.

"'"In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa."

*Bellingham v. Schampera,* 57 Wn.2d 106, 111, 356 P.2d 292, 92 A.L.R.2d 192 (1960) (quoting *Struthers v. Sokol,* 108 Ohio St. 263, 140 N.E. 519 (1923)).

It remains the long–standing rule in Washington that a criminal assault requires *unlawful force. State v. Acosta,* 101 Wn.2d 612, 618, 683 P.2d 1069 (1984), and citations. *See also State v. Coffelt,* 33 Wn.2d 106, 204 P.2d 521 (1949); *State v. Garcia,* 20 Wn. App. 401, 579 P.2d 1034 (1978). Assault, under the state statutes, requires unlawful force, while a literal reading of Pasco Municipal Code 9.04-.030 merely requires force or violence with the absence of self–defense.[1] Although the City argues that "force" usually means unlawful or wrongful action, we adopt the rule that:

The terms "violence" and "force" are synonymous when used in relation to assault, and include any application of force, even though it entails no pain, bodily harm, or serious injury . . .

(Footnote omitted.) 6A C.J.S. *Assault and Battery* § 66, at 434 (1975); *see also People v. Flummerfelt,* 153 Cal. App. 2d 104, 313 P.2d 912, 913 (1957); *Falconiero v. Maryland Cas. Co.,* 59 N.J. Super. 105, 157 A.2d 160 (1960); *State v. Smith,* 306 A.2d 5 (Me. 1973).

The City urges that the statute be judicially con-

---

[1]During oral argument counsel for the City indicated the ordinance has since been rewritten to comply with the Washington Criminal Code.

strued, that is, the term "force" interpreted to mean "unlawful force", to avoid preemption. We decline to do so. "In interpreting municipal ordinances, the courts employ the same rules of construction as in the interpretation of state statutes". *Spokane v. Vaux*, 83 Wn.2d 126, 128–29, 516 P.2d 209 (1973). If a statute's language is clear, its plain meaning must be given effect without resort to rules of statutory construction, and when the language of a statute is clear, the courts must apply its obvious meaning. *State v. Theilken*, 102 Wn.2d 271, 275, 684 P.2d 709 (1984).

Applying these rules, it is clear that the Pasco Municipal Code 9.04.030 which permits the conviction of a defendant for "wilful use of force or violence" conflicts with the State's statutes which require unlawful force.

The City argues Mr. Ross may not urge the unconstitutionality of the ordinance by claiming it conflicts with state law since he is not harmfully affected by the conflict. *See State v. Lundquist*, 60 Wn.2d 397, 374 P.2d 246 (1962). The City supports its contention by noting that Mr. Ross' defense to the assault charge rested on the amount of force used and a claimed disability. This argument fails since we hold that the statute is preempted because of the conflict between "force or violence" and "unlawful force" and, therefore, clearly directly and harmfully affects the defendant.

Mr. Ross' conviction is reversed.

MUNSON, J., and HOPKINS, J. Pro Tem., concur.