[No. 24025–1–I. Division One. August 6, 1990.]

THE CITY OF SEATTLE, *Petitioner*, v. CURRIE
BARRETT, *Respondent.*

*Mark H. Sidran, City Attorney, Douglas B. Whalley, City Prosecutor,* and *Charlotte E. Clark–Mahoney, Margaret M. Boyle,* and *Fran P. Wagner, Assistants,* for petitioner.

*C. Wesley Richards* of *Seattle–King County Public Defender Association,* for respondent.

COLEMAN, C.J.—The City of Seattle seeks review from the Superior Court's reversal of Currie Barrett's conviction for property destruction in violation of Seattle Municipal Code 12A.08.020, claiming that the Superior Court erred by holding that a municipal ordinance may not contain a different mental element than a similar state law. We reverse.

On October 6, 1987, Currie Barrett entered Gracie's Restaurant and ordered a glass of wine. He was refused service because he was unable to produce proper identification. Barrett then became obnoxious and was asked to leave. He refused to leave and was physically escorted outside the restaurant. Barrett later threw a metal grate through one of the restaurant's plate glass windows.

Barrett was subsequently charged with property destruction in violation of SMC 12A.08.020. After a 1–day jury trial, he was convicted as charged. Barrett appealed to the King County Superior Court pursuant to RALJ 2.3. The

Superior Court reversed his conviction and entered the following order:

> For purposes of an equal protection analysis, the City and the State are a single sovereign. SMC 12A.08.020 (Property Destruction) and RCW 9A.48.090 (Malicious Mischief in the Third Degree) punish identical acts and differ only as to the mental state to be proven. This is prohibited by both *State v. Collins*, 55 Wn.2d 469 (1960) and *State v. Hall*, 104 Wn.2d 436 (1985). The case is reversed and remanded with instructions that the City must prove that Mr. Barrett acted "knowingly and maliciously" as an element of the offense.

We granted discretionary review.

The City contends that the Superior Court erred by holding that under *State v. Collins*, 55 Wn.2d 469, 348 P.2d 214 (1960) and *State v. Hall*, 104 Wn.2d 486, 706 P.2d 1074 (1985), Barrett's right to equal protection under the law had been violated because SMC 12A.08.020[1] and RCW 9A.48.090[2] punish identical acts and differ only as to the mental state to be proven.

In *Collins* the defendant killed a pedestrian in a crosswalk. He was charged with negligent homicide by means of a motor vehicle under former RCW 46.56.040. The State later amended the information to charge violation of former RCW 9.48.060, the general manslaughter statute. *Collins*, at 469. A charge of manslaughter requires proof of only ordinary negligence, while negligent homicide requires proof of more than ordinary negligence. The defendant moved to

---

[1]SMC 12A.08.020 provides:

"A. A person is guilty of property destruction if he or she *intentionally* damages the property of another.

"B. In any prosecution under subsection A, it is an affirmative defense that the actor reasonably believed that he had a lawful right to damage such property." (Italics ours.)

[2]RCW 9A.48.090 provides:

"(1) A person is guilty of malicious mischief in the third degree if he *knowingly and maliciously* causes physical damage to the property of another, under circumstances not amounting to malicious mischief in the first or second degree.

"(2) Malicious mischief in the third degree is a gross misdemeanor if the damage to the property is in an amount exceeding fifty dollars; otherwise, it is a misdemeanor." (Italics ours.)

dismiss on the ground that former RCW 46.56.040 was a preemptive statute and all homicides by means of a motor vehicle must be charged thereunder. *Collins,* at 469.

The court held that "in all cases where the negligent homicide statute is applicable, it supersedes the manslaughter statute." *Collins,* at 470. The court's holding was based upon the general rule that where a general and subsequent special statute relates to the same subject, the provisions of the latter must prevail.

■ In support of his argument, Barrett focuses on the following statement in *Collins* in which the court announced in further support of its holding that "[t]he principle of equality before the law is inconsistent with the existence of a power in a prosecuting attorney to elect, from person to person committing this offense, which degree of proof shall apply to his particular case." *Collins,* at 470. However, this statement is clearly dicta and is inconsistent with the long–standing general rule referred to in cases subsequent to *Collins* that when there are two statutes requiring different elements of proof, the prosecutor's decision to proceed under either or both does not violate a person's right to equal protection of the laws. *State v. Reid,* 66 Wn.2d 243, 248, 401 P.2d 988 (1965); *State v. Wanrow,* 91 Wn.2d 301, 588 P.2d 1320 (1978); *In re Taylor,* 105 Wn.2d 67, 711 P.2d 345 (1985). Such is the case here. The city ordinance and the state statute require different elements of proof. Therefore, the prosecuting authority's charging discretion is restricted by the crimes having different elements; thus, there is no violation of equal protection.[3] *Taylor,* at 68.

---

[3]It is on this basis that *State v. Mason,* 34 Wn. App. 514, 633 P.2d 137 (1983), is distinguishable. There, the Seattle ordinance and state statute defined the same crime with the same elements, but provided for different punishments. Leaving the choice of punishment with the charging authority violated equal protection. In the present case, the crimes have different elements and, therefore, the unbridled discretion to choose different punishment based upon proof of the same elements is absent.

In *Hall,* the defendant pleaded guilty to possession of a controlled substance. He was given a suspended sentence and placed in a work release program. He was subsequently charged with first degree escape for failing to return to jail. The jury convicted him as charged. *Hall,* at 488–89. On appeal, Hall argued that his constitutional right to equal protection of the laws was violated because RCW 9A.76-.110, the general escape statute under which he was properly charged, had a different culpability element than RCW 72.65.070, the escape statute specifically for state prisoners at work release facilities. The general statute required the prosecutor to prove the defendant acted "with knowledge", whereas the specific statute required a showing of "willfulness". *Hall,* at 492. Hall argued that there was no rational basis for this distinction and therefore his right to equal protection had been violated. *Hall,* at 493.

The *Hall* court held that equal protection requires that persons similarly situated with respect to the legitimate purposes of the laws receive like treatment. *Hall,* at 493. The court reasoned that since the special statute applied only to state prisoners on work release and the general statute applied to all other prisoners on work release, a classification existed. *Hall,* at 492. The court held that there was no rational basis for treating these similarly situated groups differently. *Hall,* at 493. Thus, the court reversed Hall's first degree escape conviction as violative of equal protection and remanded for a new trial in which the prosecutor would have to prove that Hall "willfully" failed to return. *Hall,* at 492–93.

Barrett argues that the state statute and the city ordinance create a classification with no rational basis. We disagree because, in fact, no classification has occurred. This is not a situation where a legislative body has created two distinct classes. The city council and the State Legislature have independently enacted separate pieces of legislation. If we were to accept Barrett's argument, municipal bodies

could never enact legislation prohibiting conduct proscribed by state law unless the ordinances and statutes were identical.

 Our state constitution and RCW 35.22.280(35) authorize a city to adopt ordinances in the exercise of its police power so long as the city ordinance does not conflict with the general laws of the state or the state enactment does not show upon its face that it was intended to be exclusive. Const. art. 11, § 11; *Seattle v. Eze*, 111 Wn.2d 22, 33, 759 P.2d 366 (1988); *Bellingham v. Schampera*, 57 Wn.2d 106, 109, 356 P.2d 292, 92 A.L.R.2d 192 (1960). The general rule is that "a local ordinance does not conflict with a state statute in the constitutional sense merely because one prohibits a wider scope of activity than the other." *Eze*, at 33. Under *Eze*, the ordinance and the statute do not conflict.[4]

---

[4]Barrett concedes that the crime of property destruction presents an issue of mixed local and state concern and that municipal legislative action has not been preempted by state law. Barrett argues, however, that there is a conflict between the statute and the ordinance because there are defenses available under state law which are not available under the city ordinance. *Pasco v. Ross*, 39 Wn. App. 480, 694 P.2d 37 (1985). His examples include mental state defenses such as intoxication.

Barrett's argument that the city ordinance requires a showing of only general intent and that the statute requires a showing of specific intent is not supported by citation to any authority, nor do we find it persuasive. We therefore do not address his argument that intoxication is not a defense to a general intent crime. We note however, that both enactments require proof of specific intent. Under the city ordinance, culpability is established by showing that one *intentionally* damaged property. Under the city code, "intent" is defined as acting with the conscious objective or purpose to accomplish a result described by the law as an offense. *See* SMC 12A.04.030. Under the state statute, culpability is established by showing that one *knowingly and maliciously* caused physical damage. The State and the City of Seattle each have enacted legislation providing that whenever the actual existence of any particular mental state is a necessary element to constitute a particular species or degree of crime, the fact of intoxication may be taken into consideration in determining such mental state. RCW 9A.16.090; SMC 12A.04.150. Therefore, even if the rationale of *Pasco* is applicable, there is no conflict. We need not decide whether such defenses are in fact available in this case except to note that to the extent that they may be, they are equally available under both the state statute and the city ordinance.

Because of our disposition of the equal protection issue, we need not address the issues raised in Barrett's cross motion.

We reverse the Superior Court's order reversing Barrett's conviction and remand the matter to the Seattle Municipal Court.

SWANSON and FORREST, JJ., concur.

Review denied at 115 Wn.2d 1031 (1990).