**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JUSTIN CURTIS WERLE,
*Defendant-Appellant*.

</td>
<td>

No. 14-30189

D.C. No.
2:14-CR-0041-
JLQ

OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and Submitted
October 13, 2015—Seattle, Washington

Filed March 3, 2016

Before: William A. Fletcher and Raymond C. Fisher,
Circuit Judges, and Claudia Wilken, Senior District Judge.[*]

Opinion by Judge Wilken

---

[*] The Honorable Claudia Wilken, United States Senior District Judge for the Northern District of California, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel vacated a sentence and remanded for resentencing in a case in which the district court concluded that the defendant was subject to a 15-year mandatory minimum sentence under the Armed Career Criminal Act.

The panel held that a conviction for felony riot under Wash. Rev. Code § 9A.84.010 is not a "violent felony" for purposes of the Armed Career Criminal Act because § 9A.84.010 is overinclusive and indivisible with respect to the term "force."

### COUNSEL

Matthew Campbell (argued), Federal Defenders of Eastern Washington & Idaho, Spokane, Washington, for Defendant-Appellant.

Michael C. Ormsby, United States Attorney, Timothy J. Ohms (argued), Assistant United States Attorney, United States Attorneys' Office, Spokane, Washington, for Plaintiff-Appellee.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

WILKEN, Senior District Judge:

Under the Armed Career Criminal Act (ACCA), a defendant with three prior "violent felony" convictions faces a fifteen-year mandatory-minimum sentence if convicted of violating 18 U.S.C. § 922(g).  18 U.S.C. § 924(e).  In this case, we consider whether a conviction for felony riot under a Washington state statute is a violent felony for purposes of the ACCA sentencing enhancement.  We hold that it is not, because it is overinclusive and indivisible with respect to the term "force."  Accordingly, we reverse and remand for resentencing.[1]

I. Background

On March 4, 2014, a federal grand jury returned an indictment against Appellant, charging one count of possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of an

---

[1] Appellant also appeals his conviction, arguing that the district court erred when it denied his motion to suppress.  However, "[a]n officer may stop and question an individual suspected of wrongdoing if the officer can point to 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'"  *United States v. Rowland*, 464 F.3d 899, 907 (9th Cir. 2006) (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)).  Here, the officers had reasonable suspicion based on information provided by Appellant's brother and mother as well as information obtained from government records and their own observations of Appellant.  To the extent there was a frisk, it was justified by a reasonable suspicion that Appellant was armed and that the officers and the people on the scene were in danger.  *United States v. Hartz*, 458 F.3d 1011, 1018 (9th Cir. 2006) (citing *Terry*, 392 U.S. at 24).  Accordingly, we affirm Appellant's conviction.

unregistered firearm, in violation of 26 U.S.C. § 5861(d). After the district court denied his motion to suppress evidence discovered at the time of his arrest, Appellant entered a conditional guilty plea to both counts of the indictment, pursuant to a plea agreement. The plea agreement provided that the United States would argue that Appellant had multiple violent felony convictions for purposes of the ACCA sentence enhancement. The Presentence Report (PSR) concluded that Appellant was subject to a fifteen-year mandatory-minimum sentence under the ACCA based on a 2008 conviction for harassment, a 2012 conviction for four counts of felony riot, a 2012 conviction for harassment, and a 2013 conviction for felony riot. Without any of the riot convictions, Appellant would not have had three predicate convictions for purposes of the ACCA sentencing enhancement.

Appellant filed objections to the PSR's conclusion that he had three or more qualifying convictions pursuant to the ACCA, arguing that the riot statute is overinclusive for multiple reasons and indivisible. Applying the categorical approach, the district court agreed that the riot statute is overinclusive because it criminalizes certain acts either against a person or merely against property. Relying on previous unpublished opinions of this court that held that the statute is overinclusive in that way, but is divisible, the district court likewise found the statute divisible. Accordingly, the district court applied the modified categorical approach. The district court looked to the charging documents, the plea agreements and the police reports incorporated by the plea agreements for each of Appellant's five riot convictions and found that the riot convictions were predicate offenses for purposes of the ACCA sentencing enhancement based on the specific facts of

those offenses. The district court did not address Appellant's arguments with respect to the other bases of overinclusiveness.

Appellant timely filed his notice of appeal. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and we review de novo a district court's finding that a prior conviction is a predicate offense under the ACCA. *United States v. Snyder*, 643 F.3d 694, 696 (9th Cir. 2011).

II. Discussion

A. The ACCA and the Categorical Approach

Under the ACCA, "violent felony" is defined, in relevant part, as "any crime punishable by imprisonment for a term exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another."[2] 18 U.S.C. § 924(e)(2)(B). To determine whether a prior conviction qualifies as a "violent felony" for purposes of the ACCA, the sentencing court and this court "apply the three-step process set forth in *Descamps v. United*

---

[2] "Violent felony" is also defined as an offense that is "burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. § (e)(2)(B)(ii). The felony riot convictions at issue in this case are not any of these enumerated offenses. Further, the residual clause of the ACCA, which includes in the definition of "violent felony" an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was recently struck down by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."). Accordingly, the felony riot convictions in this case cannot qualify as violent felonies under the residual clause.

*States*, 133 S. Ct. 2276 (2013)."**3**  *Almanza-Arenas v. Lynch*, 809 F.3d 515, 521 (9th Cir. 2015) (en banc).

The sentencing court must first apply the "categorical approach" set out in *Taylor v. United States*, looking "only to the fact of conviction" and "the statutory definitions of the prior offense, and not to the particular facts underlying those convictions."  495 U.S. 575, 600–02 (1990); *see United States v. Ladwig*, 432 F.3d 1001, 1004–05 (9th Cir. 2005) (applying the categorical approach to determine whether an offense is a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i)).  Here, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime–i.e., the offense as commonly understood.  The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps*, 133 S. Ct. at 2281.

A statute that criminalizes both conduct that does and conduct that does not qualify as a violent felony is an overinclusive statute.  When considering a conviction under an overinclusive statute, the sentencing court looks to whether the statute is overinclusive because it defines a

---

**3**  In *Almanza-Arenas*, this court addressed whether a conviction under a state statute qualified as a crime of moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(i).  The modified categorical analysis is the same for determining whether convictions constitute predicate offenses for purposes of collateral immigration consequences as for purposes of the ACCA enhancement. *Cf. Rendon v. Holder*, 764 F.3d 1077, 1083 n.5 (9th Cir. 2014) ("Although *Descamps* discussed the issue of divisibility in the context of a sentence enhancement under the Armed Career Criminal Act (ACCA), we have applied *Descamps* in the context of collateral immigration consequences.").

necessary term or element more broadly than does the generic offense, or because it provides an alternative list of means or elements, some of which would and some of which would not match the generic offense. If the statute of conviction defines the offense "not alternatively, but only more broadly than the generic offense," it is indivisible and the court's inquiry ends. *Id.* at 2283. If the statute offers a list of alternative means or elements, the court must determine if the statute is divisible. In a "narrow range of cases," when the state statute is divisible, that is, it "lists alternative sets of elements, in essence 'several different crimes'" and "at least one, but not all of those crimes matches the generic version, a court needs a way to find out which the defendant was convicted of." *Ramirez v. Lynch*, 2016 U.S. App. LEXIS 901, at *6 (9th Cir. Jan. 20, 2016). Only in such a case may the sentencing court review the conviction using the modified categorical approach. *Id.* at *6–*7. "[T]he modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2281.

The limited scope of the inquiry under the categorical approach and the even more limited application of the modified categorical approach are rooted in the ACCA's statutory language, the Sixth Amendment's requirement that facts that increase a defendant's maximum penalty be proven to a jury beyond a reasonable doubt, and practical concerns. The ACCA specifically provides that its sentencing enhancement applies to a defendant who "has three 'previous convictions' for a violent felony–not a defendant who has thrice committed such a crime." *Id.* at 2287 (quoting 18 U.S.C. § 924(e)(1)). The Supreme Court has interpreted this statutory language to show that "Congress intended the

sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions." *Taylor*, 495 U.S. at 600. Accordingly, the categorical approach limits its inquiry to the statutory language, rather than the facts of conviction. Moreover, the Sixth Amendment requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Because the ACCA sentencing enhancement increases the mandatory minimum beyond the ordinary ten-year maximum penalty for § 922(g), Sixth Amendment principles "counsel against allowing a sentencing court to 'make a disputed' determination 'about what the defendant and state judge must have understood as the factual basis of the prior plea,' or what the jury in a prior trial must have accepted as the theory of the crime." *Descamps*, 133 S. Ct. at 2288 (quoting *Shepard v. United States*, 544 U.S. 13, 25 (2005) (plurality opinion)). Finally, application of the modified categorical approach to indivisible statutes would present "'daunting' difficulties and inequities" because it would require sentencing courts

> to expend resources examining (often aged) documents for evidence that a defendant admitted in a plea colloquy, or a prosecutor showed at trial, facts that, although unnecessary to the crime of conviction, satisfy an element of the relevant generic offense. The meaning of those documents will often be

uncertain. And the statements of fact in them may be downright wrong.

*Id.* at 2289 (quoting *Taylor*, 495 U.S. at 601–02).

Limiting the application of the modified categorical approach to divisible statutes "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime" because a "prosecutor charging a violation of a divisible statute must generally select the relevant element from its list of alternatives. And the jury, as instructions in the case will make clear, must then find that element. . . ." *Id.* at 2285, 2290 (internal citations omitted).

B. Application of the Categorical Approach to the Washington Riot Statute

When Appellant was convicted, Washington state's riot statute provided,

A person is guilty of the crime of riot if, acting with three or more other persons, he or she knowingly and unlawfully uses or threatens to use force, or in any way participates in the use of such force, against any other person or against property.

Wash. Rev. Code § 9A.84.010.[4] The crime is a felony only "if the actor is armed with a deadly weapon." *Id.*

---

[4] The riot statute was amended effective January 1, 2014. The substantive offense is the same, but the name "riot" was replaced with "criminal mischief."

The district court found, and the parties agree, that because a defendant can be convicted of a felony under the Washington riot statute for conduct involving a person or merely property, it is overinclusive and therefore not a violent felony under the categorical approach. The parties also agree that the statute is divisible as to whether the offense was against a person or property. Accordingly, if the statute was not overinclusive in any other way, the court could look to the limited documents permitted to be considered under the modified categorical approach to determine whether Appellant was convicted of the offense against a person or the offense against property.

In its decision, the district court relied on two prior unpublished decisions from this court, which are not controlling precedent, to find that the statute was overinclusive and divisible and the modified categorical approach was applicable. Both of those cases, *United States v. Franetich*, 344 F. App'x 416 (9th Cir. 2009), and *United States v. Lopez-Salas*, 254 F. App'x 621 (9th Cir. 2007), addressed the divisibility of the statute after finding that it is overinclusive because it covers acts committed against property. However, Appellant argues, as he did in the district court, that the statute is overinclusive in two other ways. The district court did not address whether the statute was overinclusive in these ways. As discussed below, we conclude that the riot statute is also overinclusive and indivisible because it applies even if the defendant used only the minimal amount of force considered "force" under

Washington state law, which would not be included in the definition of "physical force" under the ACCA.[5]

That the riot statute is overinclusive but divisible as to whether the offense involves an act against a person or against property reveals nothing as to whether it is divisible with respect to its overinclusive definition of force. If a statute is overinclusive and indivisible as to any required element, the modified categorical approach cannot be applied to that statute. The Sixth Amendment underpinnings of the categorical approach support our conclusion that the divisibility of one statutory requirement does not allow the application of the modified categorical approach to all elements. The fact that a statute is divisible as to one requirement does nothing to ensure that a jury has found, or that a defendant has pled guilty to, any other requirement of a predicate offense.

Accordingly, even if the earlier unpublished decisions of this court were binding precedent, they would not establish that the modified categorical approach applies to all statutory requirements under the Washington riot statute. Thus, we

---

[5] Appellant also argues that the riot statute is overinclusive and indivisible with respect to the requirement of use, threat of use, or participation in any way in the use of force. We agree that the inclusion of the "participation" prong renders the statute overinclusive as to this requirement. Whether the statute is divisible as to that prong may rest on unsettled law. *See United States v. Mathis*, 786 F.3d 1068, 1075 n.6 (8th Cir. 2015), *cert. granted* 2016 U.S. LEXIS 710 (discussing the circuit split regarding divisibility analysis). However, the question of divisibility as to the use, threat of use, or participation in any way in the use of force is a moot point. Because, as we hold below, the riot statute defines force more broadly than the ACCA, a conviction under the statute can never qualify as a violent felony for purposes of the ACCA sentencing enhancement.

must address whether the Washington riot statute is overinclusive as to the level of force required for conviction.

The ACCA enhancement requires an offense including "physical force," which is defined as "*violent* force–that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). The Washington riot statute refers only to "force" and does not specify that it must be physical, or capable of causing any pain or injury. While there are no cases interpreting the term "force" in the context of the riot statute, Washington state law defines force much more broadly in other contexts. *See, e.g.*, *City of Pasco v. Ross*, 649 P.2d 37, 39 (Wash. Ct. App. 1985) ("The terms 'violence' and 'force' are synonymous when used in relation to assault, and include any application of force, even though it entails no pain, bodily harm, or serious injury."). There is nothing to suggest that force would be defined more narrowly for purposes of the riot statute. Accordingly, the riot statute is overinclusive because it defines force more broadly than physical force as defined by *Johnson*.

The United States concedes that the Washington riot statute does not require the level of force required by *Johnson* as a necessary element of the offense. Nevertheless, the United States argues that felony riot is categorically a violent felony under *Johnson* because it requires that the defendant was an "actor" armed with a deadly weapon.

However, the fact that an individual is armed does not necessarily mean that he or she has used the weapon in any way. Again, there are no cases interpreting the definition of "armed" within the context of the riot statute. However, there are many cases interpreting the term for purposes of a

Washington state sentencing enhancement. *See* Wash. Rev. Code. § 9.94A.825 (Deadly weapon special verdict – Definition). The Washington Supreme Court has held that an individual is "armed" for purposes of the sentencing enhancement "if a weapon is easily accessible and readily available for use, either for offensive or defensive purposes." *State v. Gurske*, 118 P.3d 333, 335 (Wash. 2005) (quoting *State v. Schelin*, 55 P.3d 632, 635 (Wash. 2002)); *see also State v. Sabala*, 723 P.2d 5 (Wash. Ct. App. 1986) (defendant was armed when a gun was under his seat in the car he was in, within reach, and thus easily accessible). The United States correctly points out that Washington courts have held that, for the sentencing enhancement to apply, there must be a "nexus between the defendant, the crime, and the weapon." *Gurske*, 118 P.3d at 335. However, the sentencing enhancement simply requires some "willingness to use" the weapon, not actual use of the weapon. *State v. Brown*, 173 P.3d 245, 249 (Wash. 2007). Moreover, the Washington Supreme Court has held that, to apply the sentencing enhancement, "the connection between the defendant, the weapon, and the crime is not an element the State must explicitly plead and prove." *State v. Easterlin*, 149 P.3d 366, 369 (Wash. 2006). Therefore, as Appellant argues, a defendant could be convicted of felony riot if there was a knife in his pocket or a gun within his reach but he did not use or threaten to use physical force. This would not qualify as a crime of violence under the ACCA.

The United States also argues that the riot statute is saved from overinclusiveness because the defendant must have been an "actor." This argument also fails because the statute criminalizes the acts of use, threat of use, or participation in any way in the use of force. When analyzing an earlier version of the riot statute, the Washington Supreme Court

held that a defendant's "conduct does not have to be turbulent nor his language violent to constitute him a rioter." *State v. Moe*, 24 P.2d 638, 639 (Wash. 1933). Instead, to be convicted, a defendant must only give "some word or gesture indicating at least a willingness to assist the rioters." *Id.* Therefore, a defendant could be convicted of riot if he acted to verbally encourage others who were using non-physical force. This would not qualify as a crime of violence under the ACCA.

Combining the requirement that a defendant was an "actor" with the requirement that the defendant was armed does not transform the statute into a categorical violent felony. A defendant could be convicted of felony riot if there was a knife in his pocket or a gun within his reach and he did no more than verbally encourage others who were using non-physical force. This likewise would not qualify as a crime of violence for purposes of the ACCA enhancement.

In order for a statute to be overinclusive there must be a "realistic probability," not merely a "theoretical possibility," that the State would apply its statute to conduct outside the federal generic definition. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). That standard is met here. As we have explained, the United States concedes that the Washington felony riot statute could be applied to a defendant who did not use the level of "violent force" required by the federal statute. The United States argues only that a defendant who has not used such force but is an actor who is armed with a deadly weapon has "per se" committed a violent felony. However, the Washington cases cited above distinguish between being armed with a deadly weapon and actually using or threatening to use that weapon. Washington case law also makes clear that a defendant need not act

violently to be convicted under the riot statute. The Washington riot statute does not require the use or threatened use of a deadly weapon for the crime to be considered a felony. It requires only that the defendant "in any way participate[]" in the use of force while "armed" with such a weapon. Therefore, the "state statute's greater breadth is evident from its text" and Appellant "need not point to an actual case applying the statute of conviction in a nongeneric manner." *See Chavez-Solis v. Lynch*, 803 F.3d 1004, 1010 (9th Cir. 2015) (internal quotation marks omitted) (quoting *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007) (en banc)).

Accordingly, the Washington riot statute is overinclusive as to the type of force used because it does not require the use of "force capable of causing physical pain or injury to another person" as required by *Johnson*, 559 U.S. at 140. As in *Descamps*, this overinclusiveness "does not concern any list of alternative elements." 133 S. Ct. at 2285. Instead, "it involves a simple discrepancy" between the "physical force" required by the ACCA and the definition of "force" under Washington state law. *Id.* Therefore, the modified categorical approach "has no role to play in this case," *id.*, and the Sixth Amendment requires that we "presume that the conviction rested upon nothing more than the least of the acts criminalized under the state statute." *Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015) (internal quotation marks omitted).

We hold that the Washington riot statute does not qualify as a violent felony for purposes of the ACCA sentencing enhancement. Therefore, Appellant's convictions under that statute are not predicate offenses supporting the application of the enhancement. Accordingly, we VACATE the sentence

and REMAND to the district court for resentencing without applying the ACCA enhancement.

**VACATED and REMANDED.**