**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FIDEL SUAZO PEREZ,

*Petitioner,*

v.

MICHAEL B. MUKASEY, Attorney
General,

*Respondent.*

No. 06-73523

Agency No.
A95-562-903

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 5, 2007—Seattle, Washington

Filed January 22, 2008

Before: M. Margaret McKeown and Richard R. Clifton,
Circuit Judges, and William W Schwarzer,* District Judge.

Opinion by Judge McKeown

*The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

873

## COUNSEL

Matt Adams, Northwest Immigrant Rights Project, Seattle, Washington, for the petitioner.

Peter Keisler, Assistant Attorney General, Civil Division, Department of Justice, Washington, D.C.; David V. Bernal, Jesse M. Bless, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., for the respondent.

## OPINION

McKEOWN, Circuit Judge:

Fidel Suazo Perez ("Suazo") petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") removal order.[1] The IJ ordered Suazo's removal on the basis that his conviction for misdemeanor assault was a conviction for a "crime of violence," and thus an "aggravated felony." Because fourth degree assault under Washington law is not categorically a "crime of violence," and the modified categorical approach does not establish that Suazo's conviction was based on a "crime of violence," we grant his petition.

## BACKGROUND

Suazo is a native and citizen of Mexico who entered the United States in 1989 and became a lawful permanent resident in 2005. Suazo was then convicted for domestic violence assault in the fourth degree under RCW §§ 9A.36.041,

---

[1]Where the BIA affirms an IJ's order without opinion, we review the IJ's decision as the final agency action. *Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir. 2004).

10.99.020.[2] He was sentenced to 365 days imprisonment. The Department of Homeland Security charged Suazo with being removable on the basis that his conviction constituted an "aggravated felony" under 8 U.S.C. §§ 1101(a)(43)(F) and 1227(a)(2)(A)(iii), or a "crime involving moral turpitude" under 8 U.S.C. § 1227(a)(2)(A)(i).

Expressly applying a modified categorical approach, the IJ concluded that Suazo's conviction for fourth degree domestic violence assault was a "crime of violence" under 18 U.S.C. § 16(a),[3] and ordered Suazo's removal on the basis of his "aggravated felony" conviction. The IJ also concluded that Suazo had not committed a crime involving moral turpitude. The BIA summarily affirmed the IJ's decision.

## ANALYSIS

The question we consider is whether Suazo's conviction qualifies as a "crime of violence," and therefore an "aggravated felony," which is a ground for removal. *See* 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii). Although we lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed" an aggravated felony, *id.* § 1252(a)(2)(C), Suazo's challenge presents a question of law over which we have jurisdiction. *Id.* § 1252(a)(2)(D); *see Morales-Alegria v. Gonzales*, 449 F.3d 1051, 1053 (9th Cir. 2006) (stating that whether an offense constitutes an "aggravated felony" under § 1101(a)(43)(F) is a question of law).

In analyzing whether Suazo's conviction was for a "crime of violence," a question we review de novo, we first apply the

---

[2]RCW § 10.99.020(5)(d) provides that "[a]ssault in the fourth degree (RCW 9A.36.041)," when committed by one family or household member against another, constitutes "domestic violence."

[3]Only 18 U.S.C. § 16(a) is implicated by Suazo's petition, because § 16(b) pertains only to felonies.

categorical approach set forth by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990). The categorical approach requires us to compare the elements of the statute of conviction, fourth degree assault under Washington law, to the generic crime, a "crime of violence" under 18 U.S.C. § 16(a), and then to determine whether the " 'full range of conduct' covered by [the criminal statute] falls within the meaning of that term." *Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir. 2002) (citation omitted).

**[1]** We begin with the federal definition of a "crime of violence": "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Section 9A.36.041 of the Washington Revised Code states that a person is guilty of fourth degree assault if, "under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another." Because the Washington statute does not lay out the elements of the crime, we look to state common law for guidance. *See Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1016 (9th Cir. 2006) ("in determining the categorical reach of a state crime, we consider not only the language of the state statute, but also the interpretation of that language in judicial opinions.") (citation omitted).

**[2]** Washington courts have held that fourth degree assault can be committed in three ways: (1) an attempt, with unlawful force, to inflict bodily injury upon another; (2) an unlawful touching with criminal intent; or (3) putting another in apprehension of harm. *See State v. Aumick*, 894 P.2d 1325, 1328 n.12 (Wash. 1995) (en banc); *State v. Davis*, 808 P.2d 167, 172 (Wash. Ct. App. 1991). Under Washington law, fourth degree assault can be committed by nonconsensual offensive touching. *See Aumick*, 894 P.2d at 1328 n.12. We have held that "conduct involving mere offensive touching does not rise to the level of a 'crime of violence' within the meaning of 18 U.S.C. § 16(a)." *Ortega-Mendez*, 450 F.3d at 1017. Accordingly, because the "full range of conduct" covered by the

Washington fourth degree assault statute does not "fall[ ] within the meaning of" a "crime of violence," Suazo's conviction was not categorically a conviction for a "crime of violence." *Chang*, 307 F.3d at 1189.

If a crime is categorically overbroad, we proceed to a modified categorical approach in which we look beyond the statute of conviction and consider "a narrow, specified set of documents that are part of the record of conviction" to determine whether the defendant was convicted of the necessary elements of the generic crime. *Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir. 2004). The modified categorical approach may be applied where a statute of conviction is divisible into several different crimes, one or more of which may constitute a "crime of violence." *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir. 2007) (en banc) (citing *Carty v. Ashcroft*, 395 F.3d 1081, 1084 (9th Cir. 2005)).

**[3]** In *Carty*, the statute of conviction was, on its face, divisible into two different crimes. 395 F.3d at 1083-84. In contrast, the Washington fourth degree assault statute does not expressly lay out different ways that the crime may be committed. RCW § 9A.36.041. However, Washington courts have interpreted the statute to encompass three different ways of committing the crime, including an attempt, with unlawful force, to inflict bodily injury on another. *See Aumick*, 894 P.2d at 1328 n.12; *see also* 11 Washington Practice: Washington Pattern Jury Instructions: Criminal 35.50 (2d ed. 2005) (following state common law in defining the three ways that fourth degree assault may be committed). Thus, Suazo's Washington assault conviction may have entailed "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). In such a case, the modified categorical approach may be invoked to determine whether the defendant's fourth degree assault conviction was for a "crime of violence."

We next consider which documents comprise the "narrow, specified set of documents" that may be used in the modified

categorical analysis. *Tokatly*, 371 F.3d at 620. We are generally limited to reviewing the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding made by the trial judge to which the defendant assented. *Shepard v. United States*, 544 U.S. 13, 16 (2005). Police reports may be considered "if specifically incorporated into the guilty plea or admitted by a defendant." *Parrilla v. Gonzales*, 414 F.3d 1038, 1044 (9th Cir. 2005).

In a section of his written plea, Suazo checked a box by which he agreed that "the court may review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea." Like Parrilla, Suazo's decision to incorporate the police report into his guilty plea made the report "an explicit statement 'in which the factual basis for the plea was confirmed by the defendant.' " *Id.* (quoting *Shepard*, 544 U.S. at 26). Thus, in this circumstance, "relying upon the [police report] to establish the elements of the crime" of conviction "does not undermine the purposes of our limited modified categorical inquiry." *Id.* (citations omitted).[4]

**[4]** Despite our consideration of the written guilty plea and the police report, the record does not demonstrate that Suazo's conviction was based on an attempt to inflict bodily injury on another person with unlawful force. In other words, the record leaves unclear whether his conviction rested on an attempt to inflict injury with unlawful force, an unlawful touching, or putting another person in apprehension of harm. Therefore, we "are compelled to hold that the government has not met

---

[4]That Suazo entered an *Alford* plea does not prevent us from evaluating the police report under the modified categorical approach. *See United States v. Guerrero-Velasquez*, 434 F.3d 1193, 1197 (9th Cir. 2006) ("Whether or not a defendant maintains his innocence, the legal implications of a guilty plea are the same in the context of the modified categorical approach under *Taylor*.").

its burden of proving that the conduct of which the defendant was convicted constitutes a predicate offense" that is a basis for removal. *Tokatly*, 371 F.3d at 620-21.

Because the Washington fourth degree assault statute is categorically overbroad, and the modified categorical approach does not establish that Suazo was convicted of a "crime of violence," we grant his petition and remand to the BIA for further proceedings as necessary.

**PETITION GRANTED.**