**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

NICOLAS FRANCO-FLORES, AKA
Nico,
          *Defendant-Appellant.*

No. 08-10101

D.C. No.
3:06-CR-00144-
LRH

OPINION

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted
February 11, 2009—Stanford, California

Filed March 9, 2009

Before: Dorothy W. Nelson, William A. Fletcher and
Richard C. Tallman, Circuit Judges.

Opinion by Judge D.W. Nelson

## COUNSEL

Michael K. Powell and Dan C. Maloney, Federal Public Defender's Office for the District of Nevada, Reno, Nevada, for the defendant-appellant.

Elizabeth A. Olson, Assistant United States Attorney, United States Attorney's Office for the District of Nevada, Reno, Nevada, for the plaintiff-appellee.

## OPINION

D.W. NELSON, Senior Circuit Judge:

Appellant Nicholas Franco-Flores appeals the district court's assessment of prior convictions in calculating his criminal history category.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's ruling.

*FACTUAL AND PROCEDURAL BACKGROUND*

On September 26, 2006, the grand jury for the U.S. District Court for the District of Nevada returned an indictment charging Nicolas Franco-Flores with two counts of being an Illegal Alien in Possession of a Firearm, 18 U.S.C. §§ 922(g)(5), 924(a)(2) ("Counts 1 and 2"), two counts of Distribution of a Controlled Substance - Methamphetamine, 21 U.S.C. § 841(a)(1) ("Counts 3 and 4"), and one count seeking forfeiture of arms, 18 U.S.C. §§ 922(g)(1), 924(d) ("Count 5"). Pursuant to a plea agreement, Franco-Flores entered a plea of guilty to Counts 1 and 4. Counts 2 and 3 were dismissed and the firearms were forfeited.

According to the presentence report ("PSR"), in February 2003, prior to his federal charges, Franco-Flores pleaded guilty to a charge of Possession of a Controlled Substance in the Second Judicial District Court of Washoe County, Reno, Nevada (the "state court offense"), and was remanded to state drug court. The state court judge informed Franco-Flores that if he completed the state drug court program, the felony would be "wiped off . . . [his] record," but that if he did not, he would be required to return to the state court for sentencing. Under the terms of the state drug court program, Franco-Flores was monitored by, and required to make appearances at, the drug court. When he did not complete the state drug program, the state court issued a bench warrant for his arrest in July 2003.

Pursuant to the United States Sentencing Guidelines Manual ("U.S. Sentencing Guidelines") sections 4A1.1(c) and 4A1.2(a)(4), the PSR added two criminal history points for the state court offense. The PSR also added two criminal history points for the state court offense under U.S. Sentencing Guidelines section 4A1.1(d). The two additional history points raised Franco-Flores' criminal history score from one to three and his criminal history category from I to II. The criminal history category, when combined with Franco-

Flores's offense level of 30, and taking into account the ten-year statutory minimum sentence, yielded an advisory sentence of 120-135 months' imprisonment. It also rendered him ineligible for a "safety-valve" reduction below the statutory minimum.

At the time of sentencing, Franco-Flores objected to the additional two points under U.S. Sentencing Guidelines section 4A1.1(d). The district court rejected this argument, and sentenced Franco-Flores to 120 months' imprisonment. The district court entered judgment on February 21, 2008, and Franco-Flores timely appealed.

### STANDARD OF REVIEW

This court reviews the "district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of [a] case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Alvarez-Hernandez*, 478 F.3d 1060, 1063 (9th Cir. 2007) (quoting *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006)) (alteration in original). The district court's assessment of prior convictions in calculating a defendant's criminal history category is reviewed de novo. *United States v. Dominguez*, 316 F.3d 1054, 1056 (9th Cir. 2003).

Because Franco-Flores objected to the district court's calculation of his sentence, he preserved the issue on appeal. *See United States v. Grissom*, 525 F.3d 691, 694 (9th Cir. 2008). A material error in the district court's calculation of the appropriate Guidelines range requires a remand for resentencing, unless the error was harmless. *See Cantrell*, 433 F.3d at 1280. "When, as here, the defendant has properly preserved the sentencing error, the burden on demonstrating harmlessness falls on the Government." *United States v. Mejia-Pimental*, 477 F.3d 1100, 1109 (9th Cir. 2007).

*ANALYSIS*

**[1]** Under U.S. Sentencing Guidelines section 4A1.1(d), two additional criminal history points must be added "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." A " 'criminal justice sentence' means a sentence countable under § 4A1.2 . . . having a custodial or supervisory component, although active supervision is not required for this item to apply." *Id.* § 4A1.1 cmt. n.4. Thus, "a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included." *Id.* Furthermore, "[a] defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding . . . shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable . . . ." *Id.*

There is no dispute that Franco-Flores committed the federal offenses while subject to an outstanding drug court arrest warrant for failing to comply with drug court requirements. The only real dispute is whether his deferred sentence on the original state court drug charge, to which he pleaded guilty, contained a "custodial or supervisory component" such that the state court disposition constituted a "criminal justice sentence" under section 4A1.1(d).

Under section 458.300 of the Nevada Revised Statutes, a "drug addict who has been convicted of a crime is eligible to elect to be assigned by the court to a program of treatment for the abuse of . . . drugs . . . before he is sentenced." *See also id.* § 458.320(3)(b) (permitting a judge offering treatment to defer sentencing); *id.* § 458.330(1) (same). When offering treatment, "[t]he court may impose any conditions upon the election of treatment that could be imposed as conditions of probation." *Id.* § 458.310(2)(a). Furthermore, if the person "elects to submit to treatment and is accepted, he may be placed under the supervision of the [treatment] facility for a

period of not less than 1 year nor more than 3 years." *Id.* § 458.310(2)(b). "[I]f he does not satisfactorily complete the treatment and satisfy the conditions, he may be sentenced and the sentence executed." *Id.* § 458.310(2)(d).

**[2]** Franco-Flores argues that no supervisory conditions were imposed with respect to his drug treatment and therefore he was not under a criminal justice sentence at the time of the instant offense. The record suggests otherwise. Franco-Flores's state sentence was deferred with conditions. Although he was not monitored by a probation officer, he was monitored by the drug court, and he was required to make court appearances and attend his drug treatment program there. Indeed, if there were any doubts as to the existence of conditions at the time of his federal arrest, there was an outstanding bench warrant issued by the State of Nevada for failing to appear before the drug court.

**[3]** Furthermore, finding that Franco-Flores's state court offense qualifies him for section 4A1.1(d) comports with the Sentencing Guidelines' expressed purpose of increasing sentences for repeat offenders. *See United States v. Becker*, 919 F.2d 568, 569 (9th Cir. 1990). "[D]efendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S. Sentencing Guidelines Manual § 4A1.2 cmt. n.9. Accordingly, the district court did not err in determining that the state court offense was a "criminal justice sentence" under section 4A1.1(d).

**[4]** Franco-Flores raises two other arguments that deserve mention. First, he argues that the drug court's oversight is neither custodial nor supervisory because section 458.340 of the Nevada Revised Statutes deems such supervision civil in nature. We find no requirement in the plain language of the Sentencing Guidelines, however, that the custodial or supervisory component be criminal in nature. *See* U.S. Sentencing Guidelines Manual §§ 4A1.1(d), 4A1.1 cmt. n.4.

**[5]** Second, citing *United States v. Kipp*, 10 F.3d 1463 (9th Cir. 1993), Franco-Flores argues that the state court offense cannot constitute a "criminal justice sentence" because he was not on probation. Although the *Kipp* court held that "a suspended sentence, standing alone without an accompanying term of probation, is not a 'criminal justice sentence,' as that term is used in § 4A1.1(d)," it did not hold that a suspended sentence could *never* qualify as a "criminal justice sentence." *Id.* at 1467. In *Kipp*, no conditions whatsoever were imposed on the defendant, including any probation-like components. *Id.* This was central to the court's conclusion that Kipp's deferred sentence had neither a custodial nor a supervisory component. *See id.*; *see also United States v. Gorman*, 312 F.3d 1159, 1166 (10th Cir. 2002) (distinguishing *Kipp* because defendant's sentence was accompanied by a requirement that he maintain good behavior and refrain from violating the law). Thus, we make explicit what was implicit in *Kipp*'s holding: a suspended sentence with a supervisory or custodial component can constitute a "criminal justice sentence" under section 4A1.1(d). Such a reading comports with the language of section 4A1.1 cmt. n.4, as well as our sister circuits' interpretation of section 4A1.1(d). *See, e.g.*, *Gorman*, 312 F.3d at 1166; *United States v. Labella-Szuba*, 92 F.3d 136, 138 (2d Cir. 1996); *United States v. Miller*, 56 F.3d 719, 721-22 (6th Cir. 1995).

## *CONCLUSION*

For the foregoing reasons, the district court's judgment is affirmed.

**AFFIRMED**