MEMORANDUM **
Culps pled guilty to unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He appeals his sentence of fifty seven months imprisonment, followed by three years of supervised release.
Under the modified categorical approach, Culps’ conviction for third degree assault is a “crime of violence” within the meaning of U.S.S.G. § 2K2.1(a)(4). See Wash. Rev.Code § 9A.36.031(l)(g). Culps is correct that the Washington statute is categorically overbroad. United States v. Sandoval, 390 F.3d 1077, 1081 (9th Cir.2004). In this case, however, the record of conviction establishes that Culps pushed an officer, “actively” (and successfully) resisted two officers when they tried to wrestle him to the ground, grabbed an officer’s gun, and tried to pull it out of the holster. The district court reasonably concluded that the amount of force Culps was using and threatening to use, was not de minimis, instead involving “substantial physical force” and a “serious[] risk [of] physical injury” to the deputy sheriff. Id.; see also Suazo Perez v. Mukasey, 512 F.3d 1222, 1225-26 (9th Cir.2008). The district court permissibly examined the police report to determine whether Culps’ conviction qualified, because Culps agreed that a court “may review police reports and/or a statement of probable cause supplied by the prosecutor and/or my attorney to establish a factual basis for the plea.” Id. at 1226-27; United States v. Guerrero-Velasquez, 434 F.3d 1193, 1197 (9th Cir.2006); Cisneros-Perez v. Gonzales, 465 F.3d 386, 392 (9th Cir.2006).
Because Culps “committed the instant offense while under [a] criminal justice sentence,” the district court properly imposed two additional criminal history points. U.S.S.G. § 4Al.l(d). Unlike the defendant in United States v. Kipp, Culps was not subject to a “suspended sentence, standing alone,” that had no custodial component or supervisory component. 10 F.3d 1463, 1467 (9th Cir.1993). Instead, at the time Culps possessed the firearm, he was subject to continuing conditions for two different convictions. These conditions required Culps to abide by the law, participate in an alcohol assessment and alcohol treatment, abstain from drugs and alcohol, and not drive without a license or insurance. One of the convictions also had a 1-day custodial component. Because Culps remained subject to sentences that had custodial or supervisory components, he was “under [a] criminal justice sentence” within the meaning of U.S.S.G. *136 § 4Al.l(d). Id. § 4Al.l(d) & cmt. 4; United States v. Franco-Flores, 558 F.3d 978, 982 (9th Cir.2009).
■AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.