**UNITED STATES of America,**
Plaintiff—Appellee,

v.

**Jeriehmie J. FRANETICH,**
Defendant—Appellant.

No. 08–30388.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 31, 2009.*

Filed Sept. 3, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**417**

Robert A. Ellis, Esquire, Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Rebecca Louise Pennell, Esquire, Assistant Federal Public Defender, Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: HAWKINS, McKEOWN and BYBEE, Circuit Judges.

## MEMORANDUM **

Defendant-appellant Jeriehmie J. Franetich appeals the sentence imposed upon his plea of guilty to being a felon in possession of a firearm. Because the district court did not err in sentencing Franetich, we affirm.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

On May 24, 2007, Franetich pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). **[ER 84, 90]** At sentencing, the district court calculated a total adjusted offense level of 19, based in part on the court's conclusion that a 2003 conviction for felony "riot-domestic violence" under R.C.W. § 9A.84.010 constituted a prior "crime of violence" under the Sentencing Guidelines. After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court ultimately imposed a sentence of 102 months imprisonment. **[ER 55–61]** Franetich timely appealed his sentence, arguing that his 2003 conviction for felony riot under R.C.W. § 9A.84.010 was not a "crime of violence" for sentencing purposes. We review *de novo* the district court's determination that Franetich's prior conviction qualifies as a "crime of violence" under the Guidelines. *United States v. Rodriguez–Guzman*, 506 F.3d 738, 740–41 (9th Cir.2007) (citation omitted).

In determining whether a state criminal conviction constitutes a crime of violence under the Guidelines, we apply a categorical and, where appropriate, a modified categorical approach. *See generally Perez v. Mukasey*, 512 F.3d 1222, 1225–27 (9th Cir. 2008). Under the categorical approach, a court "compare[s] the elements of the statute of conviction . . . to the generic crime . . . and then [ ] determine[s] whether the 'full range of conduct covered by the criminal statute falls within the meaning of that term.'" *Perez*, 512 F.3d at 1225 (quoting *Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir.2002)) (internal quotation marks and brackets omitted). Under the modified categorical approach, "where a statute of conviction is divisible into several different

crimes, one or more of which may constitute a 'crime of violence,' " *Perez*, 512 F.3d at 1226 (quoting *Navarro–Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir.2007) (en banc)), a court "look[s] beyond the statute of conviction and consider[s] 'a narrow specified set of documents that are part of the record of conviction' to determine whether the defendant was convicted of the necessary elements of the generic crime." *Perez*, 512 F.3d at 1226 (quoting *Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir.2004)).

Washington's felony riot statute does not define a crime of violence under the categorical approach. R.C.W. § 9A.84.010(1) provides that "[a] person is guilty of the crime of riot if, acting with three or more other persons, he or she knowingly and unlawfully uses or threatens to use force, or in any way participates in the use of such force, against any other person *or against property* " (emphasis added).[1] By contrast, under the Guidelines, "[t]he term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that ... has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Because a defendant can be convicted of felony riot under R.C.W. 9A.84.010 for using force "against property," Washington's felony riot statute is categorically overbroad with respect to the Guidelines definition of crime of violence, which subsumes only crimes "ha[ving] as an element the use, attempted use, or threatened use of physical force against the *person* of another." U.S.S.G. § 4B1.2(a)(1) (emphasis added).

Where a crime of conviction is overbroad under the categorical approach, a court may apply the modified categorical approach "where a statute of conviction is divisible into several different crimes, one or more of which may constitute a 'crime of violence.' " *Perez*, 512 F.3d at 1226 (quoting *Navarro–Lopez*, 503 F.3d at 1073). Washington's riot statute is so divisible, as it encompasses (1) crimes involving force against persons, and (2) crimes involving force against property, respectively. Thus, the modified categorical approach is appropriate here.

In applying the modified categorical approach, a court is "generally limited to reviewing the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding made by the trial judge to which the defendant assented." *Perez*, 512 F.3d at 1226. Here, the charging document underlying Franetich's 2003 conviction states that "on or about August 05, 2003, being armed with a beer can, a deadly weapon, while acting with three or more persons, [Franetich] did knowingly and unlawfully, use and threaten to use force against [the victim], a human being." [SER 3] Franetich also made a written statement as part of his guilty plea stating: "[The victim] and I were arguing. She burned my face with a cigarette. I threw a can that hit her in the face. She then hit me numerous times with a baseball bat." [SER 10] These and other documents before the district court at sentencing conclusively demonstrate that when Franetich was convicted of felony riot in 2003, he was convicted for directing violent force *at a person*—to wit, the throwing of a full can of beer at a young woman's head. Franetich's 2003 conviction therefore qualifies as

---

1. R.C.W. § 9A.84.010(2)(b) adds that "[t]he crime of riot is a class C felony if the actor is armed with a deadly weapon."

a prior felony "crime of violence" under the Guidelines.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.