**Kamal AGNI, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–73387.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2009.

Filed Oct. 28, 2009.

Michael Lucien Jacob, Law Office of Michael L. Jacob, Bainbridge Island, WA, for Petitioner.

James A. Hurley, OIL, Stephen J. Flynn, Mark Christopher Walters, Esquire, Assistant Directors, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BURNS,* District Judge.

### MEMORANDUM **

Kamal Agni, a native and citizen of Morocco, petitions for review of the Board of Immigration Appeals' ("BIA") determination that he is removable pursuant to 8 U.S.C. § 1227(a)(2)(E)(i) and (E)(ii). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.[1]

Agni's conviction under section 9A.36.041 of the Revised Code of Washington for fourth degree domestic violence

---

* The Honorable Larry A. Burns, U.S. District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the facts of this case, so we repeat them here only as necessary.

assault does not make him removable under § 1227(a)(2)(E)(i) because the record of conviction does not establish that Agni admitted to using the requisite amount of force to satisfy the federal definition of "a crime of violence." *See Fernandez–Ruiz v. Gonzales,* 466 F.3d 1121, 1124–25 (9th Cir.2006) (en banc) (explaining that under § 1227(a)(2)(E)(i), the conviction must be a federal "crime of violence" that is committed against a person in a domestic relationship with the defendant); *Suazo Perez v. Mukasey,* 512 F.3d 1222, 1226–27 (9th Cir. 2008) (holding that section 9A.36.041 is not categorically a "crime of violence," and that the modified categorical approach requires the record to show that the defendant admitted to facts satisfying the federal definition).

However, Agni is removable under § 1227(a)(2)(E)(ii). Under the modified categorical approach, the record of conviction shows that Agni was enjoined under a "protection order ... issued for the purpose of preventing violent or threatening acts of domestic violence." 8 U.S.C. § 1227(a)(2)(E)(ii). In his guilty plea, Agni admitted that the order was issued to protect his domestic partner. Furthermore, facts set forth in the Certification for the Determination of Probable Cause— a document that was expressly incorporated into the plea agreement with Agni's consent—establish that the order was issued as a result of Agni's domestic violence assault conviction and that it required him to maintain a distance of 500 feet from his domestic partner. *See Suazo Perez,* 512 F.3d at 1226–27 (noting that a petitioner's decision to incorporate documents into his guilty plea made them "an explicit statement 'in which the factual basis for the plea was confirmed by the defendant'") (quoting *Parrilla v. Gonzales,* 414 F.3d 1038, 1044 (9th Cir.2005)). Thus, we conclude that the no-contact order was "issued for the purpose of preventing violent or threatening acts of domestic violence." 8 U.S.C. § 1227(a)(2)(E)(ii).

We also conclude that the record of conviction shows that Agni violated the portion of the order involving " 'protection against credible threats of violence, repeated harassment, or bodily injury.' " *Alanis–Alvarado v. Holder,* 558 F.3d 833, 839 (9th Cir.2009) (quoting 8 U.S.C. § 1227(a)(2)(E)(ii)). The Certification for the Determination of Probable Cause demonstrates that Agni violated the portion of the order requiring him to maintain a distance of 500 feet from his partner, which though not necessarily violent in and of itself, nonetheless "involves protection against" violence, threats or harassment. *Id.* at 839–40 (explaining that an injunction against, for example, making a telephone call to the protected person "involves" protection against harassment, threats or violence within the meaning of § 1227(a)(2)(E)(ii)); *see also Szalai v. Holder,* 572 F.3d 975, 982 (9th Cir.2009) (concluding that the petitioner's violation of a "restraining order's 100 yard stay away provision" involved protection against threats of violence, harassment, or bodily injury).

**PETITION DENIED.**