**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30235 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-02089-RHW-1 |
| v. | |
| FRANCISCO GUTIERREZ-ARREDONDO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Submitted May 2, 2011[**]
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Francisco Gutierrez-Arredondo ("Gutierrez") appeals from the district

court's judgment sentencing him to 120 months based on his guilty plea to federal

charges under 21 U.S.C. § 846 and 18 U.S.C. § 2. Gutierrez argues that the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court improperly imposed three criminal history points, precluding him from eligibility for "safety valve" consideration, which would allow the district court to impose a sentence under the United States Sentencing Guidelines, notwithstanding the ten-year statutory minimum sentence for his offense. *See* 18 U.S.C. § 3553(f); U.S. Sentencing Guidelines Manual § 5C1.2(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We "review[] the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

Gutierrez argues that he was not "under a[] criminal justice sentence" at the time he committed his federal offense and therefore the district court improperly applied two criminal history points under § 4A1.1(d) of the Guidelines. *See* U.S. Sentencing Guidelines Manual § 4A1.1(d). But the conditions imposed upon Gutierrez by the California court when it deferred the judgment on his state law possession charge constitute a "criminal justice sentence" because they included a "custodial or supervisory component." *See United States v. Franco-Flores*, 558 F.3d 978, 982 (9th Cir.), *cert. denied*, 130 S. Ct. 249 (2009) ("[A] suspended sentence with a supervisory or custodial component can constitute a 'criminal

2

justice sentence' under section 4A1.1(d)."); U.S. Sentencing Guidelines Manual § 4A1.1 cmt. n.4.

Because the district court did not abuse its discretion in assessing two criminal history points under § 4A1.1(d), Gutierrez was ineligible for safety valve consideration. *See* U.S. Sentencing Guidelines Manual § 5C1.2(a)(1) (defendant ineligible for safety valve if he has more than one criminal history point).

We decline to reach Gutierrez's challenge to his California possession conviction—ultimately entered after Gutierrez failed to appear at a status conference as part of his deferred judgment—which Gutierrez collaterally attacks as obtained in violation of his Sixth Amendment right to counsel. *See City of Los Angeles v. County of Kern*, 581 F.3d 841, 846 (9th Cir. 2009) ("[A] federal court should not decide federal constitutional questions where a dispositive nonconstitutional ground is available."). The alleged Sixth Amendment violation does not implicate the propriety of imposing two criminal history points because Gutierrez was "under a[] criminal justice sentence" since the supervisory conditions imposed on him as a result of the deferred judgment occurred *before* Gutierrez's conviction for that offense was formally entered (i.e., *before* the alleged Sixth Amendment violation took place). *See* U.S. Sentencing Guidelines Manual § 4A1.1(d). Therefore, even assuming the district court erred in imposing

3

one criminal history point for Gutierrez's California conviction pursuant to § 4A1.1(c) because that conviction was obtained in violation of his right to counsel, Gutierrez would remain ineligible for safety valve treatment.

**AFFIRMED.**