**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THANH VAN LE, | No. 08-74865 |
| Petitioner, | |
| v. | Agency No. A042-804-351 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued May 5, 2010 and Submitted December 16, 2011
Seattle, Washington

Before: WARDLAW, GOULD, and CALLAHAN, Circuit Judges.

Thanh Van Le, a Vietnamese citizen and lawful permanent resident, pled

guilty to, and was convicted of, possession of a controlled substance with intent to

deliver in violation of § 69.50.401 of the Revised Code of Washington. On

returning from a trip to Vietnam in 2005, Le was charged with being removable as

an inadmissible arriving alien whom the immigration authorities had reason to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

believe was an illicit trafficker in a controlled substance under 8 U.S.C. § 1182(a)(2)(C). The Department of Homeland Security later added an additional charge of removability under § 1182(a)(2)(A)(i)(II), alleging that Le had been convicted of a controlled substance violation. The Immigration Judge determined that the state crime was not an aggravated felony but in discretion denied cancellation of removal. The Board of Immigration Appeals held that Le's state conviction was an aggravated felony for immigration purposes, so Le was statutorily ineligible for cancellation of removal, and on this basis affirmed the denial of cancellation of removal.

The petition for review that is before us followed. Whether an offense constitutes an aggravated felony "presents a question of law over which we have jurisdiction." *Suazo Perez v. Mukasey*, 512 F.3d 1222, 1225 (9th Cir. 2008).

The parties agree that the state statute of conviction is not categorically an aggravated felony. The remaining issues are whether the court may apply the modified categorical approach, and if so, whether Le's state conviction constitutes an aggravated felony under that approach.

On the first issue, Le argued that the state statute of conviction was missing an element of the generic crime and under *Navarro-Lopez v. Gonzales*, 503 F.3d 1063 (9th Cir. 2007) (en banc), the modified categorical approach could not be

2

used.  We stayed this petition for review pending our en banc decision in *Aguila-Montes*, which overruled *Navarro-Lopez*, and held that the modified categorical approach could be used even if the statute of conviction was missing an element of the generic crime.  *United States v. Aguila-Montes de Oca*, 655 F.3d 915, 916 (9th Cir. 2011) (en banc).  Le now contends that *Aguila-Montes* should not be applied retroactively to him.  We disagree.  As we explained in *Aguila-Montes*:

> Before *Navarro-Lopez,* our cases drew no distinction between different kinds of statutes in terms of when the modified categorical approach could be applied.  We simply applied the categorical approach and, even if we determined that the offense of conviction was missing an element of the generic crime, we then applied the modified categorical approach without any inquiry as to whether the approach *should* be applied.

655 F.3d at 922.  Le's conviction occurred in 2001, six years before our *Navarro-Lopez* decision.  Le did not enter a guilty plea to a crime in reliance on the missing element rule of *Navarro-Lopez*.  Accordingly, we conclude that we may apply the modified categorical approach to Le's conviction, with no unfairness to him or detriment to any reliance interest.

Under the modified categorical approach, we must determine whether "the defendant was convicted of the necessary elements of the generic crime."  *Suazo Perez*, 512 F.3d at 1226.  "In other words, the purpose of the modified categorical approach is to determine (1) what facts the state conviction necessarily rested on

and (2) whether these facts satisfy the elements of the generic offense."
*Aguila-Montes,* 655 F.3d at 936.

A state conviction involving a controlled substance can qualify as the aggravated felony of drug trafficking "if it would be punishable as a felony under the federal drug laws." *Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir. 2008). Applying the modified categorical approach, we compare the elements of Le's state conviction to the elements required for a violation of the Controlled Substance Act ("CSA") and determine whether Le's offense would be a federal felony. *Id.* Le was convicted of possession with intent to deliver marijuana. Under 21 U.S.C. § 841(a)(1)—an aggravated felony drug-trafficking crime incorporated into 8 U.S.C. § 1101(a)(43)(B) by 18 U.S.C. § 924(c)(2)—it is unlawful to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to distribute or dispense, a controlled substance."

Le contends that conduct that falls under "deliver" in the state statute is broader than conduct that falls under "distribute" in the federal statute, and so Le's state conviction for intent to deliver does not constitute intent to distribute under § 841(a)(1). He relies on the fact that the federal definition for distribute "means to deliver (other than by administering or dispensing) a controlled substance or a listed chemical," 21 U.S.C. § 802(11), but the state definition does not contain

4

those exceptions, so he could have been convicted for dispensing or administering—behavior not criminalized under the federal generic statute. But dispensing is clearly criminalized under § 841(a)(1). Further, administering is defined as to apply a controlled substance to the body of a patient or research subject. 21 U.S.C. § 802. Because the officer found drugs in the trunk of Le's car, it is clear that Le's possession did not fall into the administering exception to distribution, and Le's state conviction for intent to deliver constitutes intent to distribute under § 841(a)(1).

However, the CSA creates an exception to § 841(a)(1) for the distribution of a "small amount of marihuana for no remuneration," which it classifies as a misdemeanor rather than a felony. § 841(b)(4). Le's state conviction does not fall within that exception. The "narrow, specified set of documents that are part of the record of conviction," *Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir. 2004), do not state how much marijuana Le possessed, but we may also consider the contents of additional documents "if specifically incorporated into the guilty plea or admitted by a defendant." *Parrilla v. Gonzales*, 414 F.3d 1038, 1044 (9th Cir. 2005). We may do so even if the defendant chooses to plead guilty despite maintaining his innocence, so long as he incorporates the additional documents into his plea. *Suazo Perez*, 512 F.3d at 1226–27 & n.4.

5

As in *Suazo Perez*, Le checked the box on his guilty plea incorporating police reports and the statement of probable cause, giving no statement of facts himself. In the certification for determination of probable cause, Special Agent Grafton said that he found more than fifty pounds of marijuana in the trunk of the car. We made clear in *Aguila-Montes* that where a permissible document satisfies an element of a crime in only one way, "then the factfinder was 'actually required' to find that the defendant [committed the crime that way], and the conviction 'necessarily rested' on this fact." *Aguila-Montes*, 655 F.3d at 938. Here, the certification for determination of probable cause states that a "search of the residence lead [sic] to the seizure of 51.2 pounds of marijuana." This is the only statement identifying the marijuana in Le's possession. And Le himself adopted this statement when he made his guilty plea and incorporated this statement as a basis for his guilty plea. Because 51.2 pounds is not a "small amount," Le was not eligible for the exception under 841(b)(4).[1]

The petition is **DENIED**.

---

[1] Because we hold that Le was convicted of an aggravated felony, rendering him ineligible for cancellation of removal, we need not and do not address his claim that the Immigration Judge's discretionary denial of cancellation of removal was affected by such substantial errors that Le's right to due process was violated.