**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10649 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00120-LRH-VPC-2 |
| v. | |
| RICHARD YOUNG, Attorney, AKA Ricky Young, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted July 10, 2013
San Francisco, California

Before: FERNANDEZ, PAEZ, and BERZON, Circuit Judges.

Defendant-Appellant Richard Young ("Young") appeals his convictions on

several counts. He also challenges five sentencing enhancements applied by the

district court. We affirm Young's convictions and sentence.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** The government's evidence at trial did not constructively amend Young's Second Superseding Indictment. The challenged evidence regarding Global One's loan agreement repayments was not "distinctly different" from the facts alleged in the indictment, nor did it "substantially alter[]" the offense charged in the indictment. *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002) (internal quotation marks omitted); *see also United States v. Wilbur*, 674 F.3d 1160, 1177–78 (9th Cir. 2012). Quite the opposite: the challenged evidence was offered to prove precisely what was alleged in the indictment, that the representations regarding the repayment of the "loans" were not true. Therefore "[t]here was only 'one complex of facts' alleged in the indictment and proved at trial." *United States v. Shipsey*, 363 F.3d 962, 974 (9th Cir. 2004).

**2.** To the extent the admission of Martin Mechling's testimony was erroneous, the error was harmless. *GCB Commc'ns, Inc. v. U.S. S. Commc'ns, Inc.*, 650 F.3d 1257, 1262 (9th Cir. 2011). Mechling was one of several Global One member-investors who testified against Young; it is not "more probable than not" that the district court's decision to admit Mechling's testimony affected the outcome of Young's trial. *Id.*

**3.** We have recognized two circumstances in which a court's exclusion of evidence may implicate constitutional concerns. *See United States v. Stever*, 603

F.3d 747, 755–56 (9th Cir. 2010).  First, while "not every [evidentiary] error amounts to a constitutional violation," *United States v. Lopez-Alvarez*, 970 F.2d 583, 588 (9th Cir. 1992), "the *erroneous* exclusion of *important* evidence will often rise to the level of a constitutional violation." *Stever*, 603 F.3d at 755 (emphasis added).  Second, "the exclusion of relevant evidence pursuant to the *correct* application of an evidentiary rule" may implicate constitutional concerns in certain cases.  *Id.* at 756.  "[T]hose cases consider the so-called *Miller* factors," which assess, *inter alia*, the evidence's probative value, reliability, significance, and whether the evidence is capable of evaluation by the trier of fact.  *Id.*

Here, Young's software demonstration had little, if any, probative value.  It used new technology that Young admits did not exist at the time relevant to his charges.  Furthermore, the district court correctly concluded that the proposed demonstration lacked any indicia of reliability, and was not capable of independent evaluation by the jury.  Accordingly, the district court did not violate Young's Sixth Amendment rights in holding his software demonstration inadmissible.

**4.** The district court did not abuse its discretion in excluding under Federal Rule of Evidence 403 testimony by Timothy Cory ("Cory") regarding the trade aggregation software Global Edge.  *See United States v. Wiggan*, 700 F.3d 1204, 1210 (9th Cir. 2012).  Cory's brief testimony about what he had heard about

3

Global Edge had little to do with Young's fraudulent scheme and was cumulative of other testimony regarding the aggregation program.  In any event, it is doubtful that Cory's testimony could have affected the outcome of Young's trial, so any error in excluding the testimony was harmless.  *See GCB Commc'ns, Inc.*, 650 F.3d at 1262.

**5.**  The admission of a Nevada state-court judge's out-of-court statement that Global One's loan agreements were "securities" was not an abuse of discretion. Although we previously have "indicated our disquiet" with "'the likely impact on the jury of a sitting state court judge pronouncing the existence of an essential element of a crime,'" any "impact" here was minimal.  *Wiggan*, 700 F.3d at 1211 (quoting *Chein v. Shumsky*, 373 F.3d 978, 989 n.6 (9th Cir. 2004) (en banc)).  The challenged statement could not have prejudiced the jury on the question whether the loan agreements were securities, as the district court never submitted that question to the jury in the first place.[1]  Nor did the statement have a broader unfairly prejudicial effect on Young, given the relatively benign nature of the judge's comments and the district court's repeated limiting instructions to the jury. *See United States v. Sine*, 493 F.3d 1021, 1034 (9th Cir. 2007).

---

[1] As noted in point 6, *infra*, the district court erred in keeping this question from the jury.

**6.** The district court erred in failing to submit the question whether the Global One loan agreements were "securities" to the jury. *See United States v. Morse*, 785 F.2d 771, 775–76 (9th Cir. 1986). By instructing the jury that the loan agreements were securities as a matter of law, the district court effectively relieved the jury from determining an "element of [the] offense" of securities fraud. *Medley v. Runnels*, 506 F.3d 857, 864 (9th Cir. 2007) (en banc).

That error, however, was harmless. *See Neder v. United States*, 527 U.S. 1, 8–10 (1999); *see also United States v. Jimenez-Borja*, 378 F.3d 853, 858 (9th Cir. 2004). Applying the test set forth in *Reves v. Ernst & Young*, 494 U.S. 56 (1990), for determining whether a particular financial instrument is a "security" under the Securities Acts, no reasonable jury could have concluded that the loan agreements were anything other than securities. *See Reves*, 494 U.S. at 66–67; *see also McNabb v. S.E.C.*, 298 F.3d 1126, 1131–33 (9th Cir. 2002).

**7.** The district court did not err in rejecting Young's proposed jury instruction regarding his transactional money laundering charge under 18 U.S.C. § 1957. The relevant wire transfer underlying Young's conviction under § 1957 was not "central" to Young's fraudulent scheme; it was merely a transfer between two Global One accounts used interchangeably, and so was not necessary to the unlawful scheme. *See United States v. Santos*, 553 U.S. 507, 511–15 (2008);

5

*United States v. Van Alstyne*, 584 F.3d 803, 814–16 (9th Cir. 2009); *United States v. Bush*, 626 F.3d 527, 536 (9th Cir. 2010). For the same reason, Young's sufficiency of evidence challenge to the money laundering count fails.

The district court also properly rejected Young's other proposed jury instruction concerning his § 1957 charge, which would have required the government to prove that Young transferred funds with the "intent to conceal" the location of the funds involved. Intent to conceal funds is not an element of § 1957. *See United States v. Rutgard*, 116 F.3d 1270, 1291 (9th Cir. 1997); *see also Bush*, 626 F.3d at 536.

**8.** The district court did not err in applying a two-level sentencing enhancement for Young's role as an "investment advisor" at the time of the offense. *See* U.S.S.G. § 2B1.1(b)(17)(A)(iii) (2010); *United States v. Williams*, 693 F.3d 1067, 1072 (9th Cir. 2012).[2] Young qualifies as an "investment advisor" because his offense "involved . . . a violation of securities law" and, "at the time of [that] offense," he offered advice to Global One members regarding foreign currency exchange trading. U.S.S.G. § 2B1.1(b)(17)(A)(iii) (2010); *see id.* cmt.

---

[2] The current Guidelines Manual recodifies this provision at § 2B1.1(b)(18)(A)(iii).

n.14(A) (defining "investment advisor"); 15 U.S.C. § 80b-2(a)(11).  It was not an abuse of discretion for the district court to so hold.

**9.**  Similarly, the district court did not err in applying a two-level enhancement for "offense[s] . . . involv[ing] sophisticated means."[3]  U.S.S.G § 2B1.1(b)(9)(C) (2010).  "Conduct need not involve highly complex schemes or exhibit exceptional brilliance to justify a sophisticated means enhancement." *United States v. Jennings*, 711 F.3d 1144, 1145 (9th Cir. 2013).  Here, the government offered considerable evidence that Young used multiple accounts and corporations as part of his fraudulent scheme.  The district court therefore did not abuse its discretion in applying this enhancement.  *Williams*, 693 F.3d at 1072.

**10.**  The district court applied a four-level sentencing enhancement for Young's role as the "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  U.S.S.G. § 3B1.1(a).  A "participant," for purposes of this enhancement, "is a person who is criminally responsible for the commission of the offense, but need not have been convicted." *Id.* § 3B1.1 cmt. n.1.  The evidence at Young's trial established—and Young concedes—that the fraudulent scheme involved at least three participants.  The

---

[3] The current Guidelines Manual recodifies this provision at § 2B1.1(b)(10)(C).

7

evidence also demonstrated that Young "used the unknowing services of many outsiders," including computer programmers, trade brokers, and an accountant. *See id.* cmt. n.3. The district court properly applied the enhancement.

**11.** The parties agree that the district court should not have applied a two-level "abuse of trust" enhancement to Young's sentence under U.S.S.G. § 3B1.3, albeit for different reasons. We do not reach the precise nature of the district court's error, because any such error was harmless. *See United States v. Franco-Flores*, 558 F.3d 978, 980–81 (9th Cir. 2009).

The maximum offense level under the Guidelines is 43. *See* U.S.S.G. Ch. 5, Pt. A (2010). Even without the two-level abuse-of-trust enhancement, Young's adjusted total offense level would have been 45, which still would have been treated as an offense level of 43 under the Guidelines. *See id.* cmt. n. 2.

**12.** The district court applied the two-level obstruction of justice enhancement primarily because it found that Young committed perjury at trial. U.S.S.G. § 3C1.1 & cmt. n.4(B). Again, even discounting the abuse-of-trust enhancement *and* the obstruction-of-justice enhancement, Young's adjusted offense level would have been 43, the maximum level under the Guidelines and the one imposed by the district court. *See id.* Ch. 5, Pt. A cmt. n.2. Any error

8

regarding the § 3C1.1 enhancement was therefore harmless. *See Franco-Flores*,

558 F.3d at 980–81.

**AFFIRMED.**