**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50079 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03988-GT |
| v. | |
| FRANCISCO MENDEZ-AVALOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Jr., District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Francisco Mendez-Avalos appeals from the district court's judgment and

challenges the 12-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Mendez-Avalos contends that the district court violated Federal Rule of Criminal Procedure 32(i)(4)(A)(iii) by failing to provide an opportunity for the government to present its sentencing recommendation. We review for harmless error. *See United States v. Franco-Flores*, 558 F.3d 978, 980-81 (9th Cir. 2009). Even if Rule 32(i)(4)(A)(iii) is applicable to supervised release revocation proceedings, any error here was harmless because the record reflects that the court knew of the government's sentencing recommendation and there is no evidence Mendez-Avalos would have received a shorter sentence if the government had been given the opportunity to present its recommendation. *See United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010).

Mendez-Avalos also contends that the district court erred procedurally by failing to consider and respond to his mitigation argument that he had a good-faith belief that he was a United States citizen at the time of his offense. The record reflects that the district court considered Mendez-Avalos's argument and explained why it did not warrant a lower sentence.

Mendez-Avalos finally contends that the 12-month sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Mendez-Avalos's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C.

§ 3583(e) sentencing factors and the totality of the circumstances, including Mendez-Avalos's criminal history and breach of the court's trust. *See id*.; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**