NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50593 |
| Plaintiff - Appellee, | D.C. No. 8:12-cr-00129-JVS-2 |
| v. | |
| EVERARDO MENDOZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted March 6, 2015
Pasadena, California

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

Everardo Mendoza appeals the sentence imposed following his plea of guilty

to a violation of 21 U.S.C. § 846, alleging that the district court erred by assigning

him two criminal history points under U.S.S.G. § 4A1.1(d) and that he is

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

accordingly eligible for safety-valve relief under U.S.S.G. § 2D1.1(b)(17). The district court's interpretation of the Sentencing Guidelines is reviewed de novo, but the application of the Guidelines to the facts is reviewed for abuse of discretion, and factual findings are reviewed for clear error. *United States v. Alba-Flores*, 577 F.3d 1104, 1107 (9th Cir. 2009). "The district court's assessment of prior convictions in calculating a defendant's criminal history category is reviewed de novo." *United States v. Franco-Flores*, 558 F.3d 978, 980 (9th Cir. 2009).

Mendoza's sole argument for relief is that "[s]entences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid . . . are not to be counted." U.S.S.G. § 4A1.2 cmt. n.6. However, Mendoza was under a diversionary disposition at the time he committed the instant offense, *see* U.S.S.G. § 4A1.2(f), and he failed to adduce any evidence supporting his contention that the diversionary disposition was subsequently reversed or vacated for one of the reasons specified above. Accordingly, the district court properly assessed two criminal history points under U.S.S.G. § 4A1.1(d), rendering Mendoza ineligible for safety-valve relief under U.S.S.G. § 2D1.1(b)(17). *See* U.S.S.G. § 5C1.2(a)(1).

**AFFIRMED.**