**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50062 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-02952-GT-1 |
| v. | |
| RAUL BANUELOS-ESTRADA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Senior District Judge, Presiding

Submitted March 7, 2016[**]
Pasadena, California

Before: CLIFTON and IKUTA, Circuit Judges and BLOCK,[***] Senior District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Raul Banuelos-Estrada, a citizen of Mexico, was sentenced to thirty months'

imprisonment for illegal reentry, in violation of 8 U.S.C. § 1326. He appeals the

district court's assessment of his criminal history, *see* U.S.S.G. § 4A1.1(d), and the

reasonableness of his sentence. We affirm.

The district court assessed Banuelos-Estrada two criminal history ("CH")

points for being under a criminal justice sentence, U.S.S.G. § 4A1.1(d), because he

had not completed a sentence from a prior Nevada state conviction, for which an

outstanding bench warrant was issued.  Banuelos-Estrada argues that he could not

have responded to the outstanding bench warrant because he was incarcerated at

the time it was issued.  However, the two CH points were not imposed for

Banuelos-Estrada's failure to respond to the bench warrant.  Rather, the points

were imposed because the underlying sentence was not complete when he re-

entered the United States; the outstanding bench warrant merely confirms that fact.

The district court also imposed an additional CH point pursuant to

§ 4A1.1(c) due to a prior misdemeanor possession conviction for which Banuelos-

Estrada received a suspended sentence. He was later held in contempt for failing to

comply with the conditions of this sentence. Although Banuelos-Estrada argues

that the district court erred by assessing a CH point for his being held in contempt,

the CH point was not for contempt, but for the underlying misdemeanor. *See*

U.S.S.G. § 4A1.2(f) ("A diversionary disposition resulting from a finding or

admission of guilt . . . is counted as a sentence under § 4A1.1(c)"); *United States v. Franco-Flores*, 558 F.3d 978, 981 (9th Cir. 2009) ("[D]efendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency.").

The district court acted within its discretion when denying Banuelos-Estrada an evidentiary hearing at sentencing. *United States v. Laurienti*, 731 F.3d 967, 972 (9th Cir. 2013) ("[T]here is no general right to an evidentiary hearing at sentencing. When a defendant disputes a fact relevant to sentencing, the district court need only provide the parties a reasonable opportunity to present information to the court." (citations and internal quotation marks omitted)). Banuelos-Estrada was permitted ample opportunity to rebut the pre-sentence report's criminal-history findings, which he did in a written objection and argument at sentencing. The evidence establishing Banuelos-Estrada's CH points was sufficiently reliable for sentencing purposes. *See United States v. Felix*, 561 F.3d 1036, 1042–43 (9th Cir. 2009).

Lastly, Banuelos-Estrada's sentence of thirty months' imprisonment is substantively reasonable. The district court's decision to sentence Banuelos-Estrada above his calculated guidelines range of eighteen to twenty-four months is supported by Banuelos-Estrada's extensive criminal history. Banuelos-Estrada has been deported four times since 1999 and the instant conviction is his third for

illegal reentry under § 1326. Additionally, Banuelos-Estrada has an extensive criminal history, which includes a number of battery convictions. Accordingly, the district court did not abuse its discretion by imposing an above-guidelines sentence of thirty months.

**AFFIRMED**.